**Linda Ka Tinnell Brame O'DELL, Appellant,**

**v.**

**Robert Don BRAME, Appellee.**

**No. 4751.**

Court of Civil Appeals of Texas, Eastland.

Dec. 13, 1974.

Kevin J. Clancy, Preston G. DeShazo, Dallas, for appellant.

John J. Ezell and Marvin Thomas, Dallas, for appellee.

WALTER, Justice.

This is a child custody case. Heretofore the bonds of matrimony of Robert Don Brame and Linda Brame were dissolved by judgment of divorce in Dallas County and the care, custody and control of their only child, Michael, was awarded to his mother with visitation rights granted to the father. Finding a subsequent material change of conditions affecting the welfare of the child, the court appointed the natural father, Robert Brame, the managing conservator of the child and appointed the child's mother his possessory conservator. The mother has appealed.

The father contends that appellant's four points of error are multifarious, duplicitious and too general to specify the alleged error of the court. This contention is overruled and we will consider the points of error. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943). From such points of error and statement of the facts in the case and the argument, it is clear that the mother contends the court abused its discretion in awarding custody to the father.

The judgment of divorce which awarded custody to the mother was rendered June 26, 1967. The father's petition for a change of custody was filed April 19, 1973. Our problem is to determine whether a material change of conditions affecting the welfare of the child has occurred between these dates. In Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.1966), the court said:

"The initial question, then, is whether a material change of conditions was shown to have occurred between December 2, 1963, the date of the Indiana decree, and the instant proceedings which were filed on January 10, 1964. The controlling considerations are those changes of conditions affecting the welfare of the child. The desires, acts and claims of the respective parents are secondary considerations and material only as they bear upon the question of the best interest of the child. See Goldsmith v. Salkey, supra [131 Tex. 139, 112 S.W.2d 165]; Shippen v. Bailey, 303 Ky. 10, 196

S.W.2d 425 (1946); McMillin v. Mc-Millin, 114 Colo. 247, 158 P.2d 444, 160 A.L.R. 396 (1945)."

We find some evidence of probative force which supports the change of custody and affirm the judgment. The custody of Michael Don Brame, the minor child of the marriage, was awarded to Linda Ka Brame by judgment dated June 26, 1967. Robert Brame entered active duty with the U. S. Marine Corps on June 28, 1967, and from that date until his discharge in April of 1970, he made child support payments by military allotment. Linda Ka Brame married A. T. O'Dell in October of 1967, to which marriage was born one child. Michael lived with his mother and Mr. O'Dell until they separated in April of 1972. In Linda Ka and A. T. O'Dell's divorce judgment, A. T. O'Dell was granted custody of their child and by agreement of the parties Michael remained in the custody of Mr. O'Dell. After the filing of the present action, Linda Ka married Andy Herndon.

No findings of fact or conclusions of law were requested by the appellant. In the City of Abilene v. Meek, 311 S.W.2d 654 (Tex.Civ.App.–Eastland 1958, writ ref.), this court said:

"It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law."

Since the award of custody to her in the judgment of divorce on June 26, 1967, the mother has been married two times. In the divorce judgment it was provided that her second husband be awarded custody and control of their child. The O'Dell divorce judgment also provides:

"The Court further finds that to the previous marriage of the Respondent, a child, MICHAEL DON BRAME, was born, who is now six years of age, and that the Petitioner and Respondent have agreed that the Petitioner herein shall take care of, feed, clothe, educate and nurture the minor child, MICHAEL DON BRAME."

These facts and other facts and circumstances in evidence constitute some evidence of probative force and support the judgment.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.