Virginia Bonita WATTS, Appellant,

v.

Richard George WATTS, Appellee.

No. 19390.

Court of Civil Appeals of Texas, Dallas.

Jan. 31, 1978.

Rehearing Denied March 15, 1978.

J. Kent Newsom, Pelletier, Dickens & Newsom, Dallas, for appellant.

Claude R. Wilson, Jr., Golden, Potts, Boeckman & Wilson, Dallas, for appellee.

AKIN, Justice.

This appeal by Virginia Watts is from an order granting Richard Watts' motion to change custody of their two children from the mother to the father. The trial court granted the mother visitation rights with the children on alternative weekends provided, however, that she (1) marry the man with whom she had been living or severing her relationship with him,[1] and (2) take the children to Sunday school and to a church of her choice when she had them. The principal question is whether there was sufficient evidence to support the trial court's finding of a material and substantial change of circumstances between the prior order granting the divorce and the order changing custody with respect to the mother and the children as pleaded by Mr. Watts. We hold that the evidence is insufficient to support a finding of a material change of circumstances. Accordingly, we reverse and remand. Additionally, we hold that the condition precedent to visitation requiring the mother to take the children to church is a violation of Art. I, § 6 of the Texas Constitution.

Essentially, the facts are undisputed. The parties were divorced in March of 1975. In that decree, the mother was named managing conservator of the children. Two years later, the father filed this motion requesting that he be named managing conservator. In support of his motion, he alleged that the circumstances of the mother and the children had materially and substantially changed since the divorce decree and that the best interest of the children would be served by changing custody.

A suit for modification of a prior order is authorized by Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1976) which provides in part:

> (c) After a hearing, the court may modify an order or portion of a decree that:
>
> (1) designates a managing conservator if the circumstances of *the child or parent* have so *materially* and *substantially changed* since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child . . . [Emphasis added.]

Another criterion required for a change of custody is set forth in the Tex.Fam.Code Ann. § 14.07 (Vernon 1975) which provides that the best interest of the child shall be a primary consideration. The threshold inquiry is, however, whether there is evidence of a material change of circumstances with respect to the mother and the children between the time of the prior order and the institution of this action. To show such a change, evidence must be tendered showing the circumstances at the time of the prior order and the circumstances existing at the time of the hearing on the motion to modify. *Bukovich v. Bukovich,* 399 S.W.2d 528, 529 (Tex.1966); *Knowles v. Grimes,* 437 S.W.2d 816, 817 (Tex.1969); *Labowitz v. Labowitz,* 542 S.W.2d 922 (Tex.Civ.App.— Dallas 1976, no writ); *In the Interest of Anglin,* 542 S.W.2d 927, 932 (Tex.Civ.App.— Dallas 1976, no writ). Absent evidence of such a change of circumstances, the court does not reach the question of what is in the best interest of the children.

---

1. On oral argument counsel advised this court that Mrs. Watts and Black are now married.

The requirement of a change of circumstances is predicated upon the doctrine of res judicata. The policy behind this requirement is to prevent constant litigation with respect to the children, which, of course, would not be in the children's best interest. The burden of pleading and proving a material change of circumstances is on the non-custodial parent. *Wilkinson v. Evans,* 515 S.W.2d 734, 738 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.); *Becerra v. Garibaldo,* 526 S.W.2d 780 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *In re Y,* 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).

The evidence shows that three months prior to the divorce, Tom Black moved in with Mrs. Watts. The father knew that this situation existed when he agreed that the mother be appointed managing conservator, but testified that he only did so because she promised to marry Black as soon as possible after the divorce. Although the fact that the mother was living with a man to whom she was not married is likely against the best interest of the children, this circumstance existed at the time of the divorce as well as at the time of the hearing on the motion to modify. Thus, there was no change with respect to the circumstances of the mother. Essentially, they were bad then and are no worse now, insofar as the present record shows.

With respect to a change of circumstances of the children, the only evidence introduced pertained to the circumstances at the time of the hearing. No evidence was introduced showing the circumstances of the children at the time of divorce. Consequently, without such evidence, a court cannot find that there had been a material change of circumstances with respect to the children so as to justify changing custody. *Bergerac v. Maloney,* 556 S.W.2d 586 (Tex. Civ.App.—Dallas 1977, writ dism'd w.o.j.). Consequently, we hold that the trial court abused its discretion in ordering the change of custody.

We remand, rather than render, in the interest of justice. Tex.R.Civ.P. 434; *Meador v. Carnes,* 533 S.W.2d 365, 371 (Tex.

Civ.App.—Dallas 1976, writ ref'd n. r. e.). In the first place, if the circumstances of the children at the time of the divorce are shown, it may, indeed, appear that their circumstances have changed for the worse. Moreover, the evidence shows a substantial change in circumstances of the father which was not pleaded, but which may be sufficient to comply with § 14.08(c)(1) of the Family Code. Prior to its amendment in 1975, this section required only a substantial change in circumstances of the child. However, in construing this section, our courts considered a change of circumstances as to the custodial parent as well as the child, but refused to consider a change with respect to the non-custodial parent. *E. g., In re Y,* 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). In our view the legislature when it amended this section to read "child or parent" intended some change and that change was to include the non-custodial, as well as the custodial parent, since the word "parent" is not qualified by an adjective. *See Thompson v. Uzzell,* 541 S.W.2d 499, 501 (Tex.Civ. App.—Tyler 1976, no writ).

The question of whether there had been a material change in the father's circumstances was not tried by implied consent because the mother's attorney moved, at the close of the father's case that the father's motion be denied on the ground that the father had not shown, as pleaded, a change of circumstances as to either the mother or the children. Furthermore, we cannot say that this issue was tried by implied consent by lack of objection to the evidence of the father's circumstances since this evidence went also to the issue of the best interest of the children. The doctrine of implied consent applies only where it appears from the record that the issue was actually tried, although not pleaded. *Harkey v. Texas Employers' Ins. Ass'n,* 146 Tex. 504, 208 S.W.2d 919, 922 (1948).

Since we are remanding, it is necessary to address appellant's point of error attacking that portion of the court's order which conditioned the mother's right of

weekend visitation on taking the children to Sunday school and to church. Appellant argues that in this respect, the trial court abused its discretion. We agree. Such an order by the trial court violates Art. I, § 6 of the Texas Constitution with respect to separation of church and state. Article I, § 6 provides:

> "No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship."

In *Salvaggio v. Barnett*, 248 S.W.2d 244 (Tex.Civ.App.—Galveston 1952, writ ref'd n. r. e.), cert. denied, 344 U.S. 879, 73 S.Ct. 176, 97 L.Ed. 681 (1952), the court stated, in awarding custody of a child, that a trial court exceeds its power when it prefers the religious view or teachings of either parent. The father argues that the trial court's decision does not deny nor infringe on any constitutional right of the mother since she is permitted to take them to any church of her choice and she is not herself required to attend. Although this contention may be correct, we are concerned also with the constitutional rights of the children. It is commendable that the trial court wishes to insure proper religious training for the children, but it is conceivable that the children may decide they do not wish to receive religious training. This is a matter which the court should not attempt to control other than by its award of managing and possessory conservatorship. Any order specifically requiring religious observance or religious instruction is contrary to the basic principle embodied in Art. I, § 6, that religion is a matter of private conscience with which the state, by its courts or otherwise, is forbidden to interfere.

Reversed and remanded.