**Norma Jean Stokes COLBERT,
Appellant,**

v.

**Samuel Lynn STOKES, Appellee.**

**No. 12980.**

Court of Civil Appeals of Texas,
Austin.

May 9, 1979.

D. Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellant.

Gerald R. Ratliff, Ratliff & Edwards, San Angelo, for appellee.

SHANNON, Justice.

This is an appeal from a judgment modifying a previous divorce decree pursuant to Tex.Family Code Ann. § 14.08 (Supp.1978).

Appellee Samuel Lynn Stokes filed a motion in June, 1978, in the district court of Tom Green County to modify a divorce decree entered by that court in December, 1971. By his motion appellee sought appointment as managing conservator of his two minor children, Christina Rene Stokes, age ten, and Michael Douglas Stokes, age seven. Appellee requested that his former wife, appellant Norma Jean Stokes Colbert, be removed as managing conservator and appointed possessory conservator with reasonable visitation rights.

After trial to a jury, judgment was entered by the district court appointing appellee managing conservator and appellant possessory conservator. We will affirm that judgment.

The court's charge contained one special issue: "Do you find from a preponderance of the evidence that since the former judgment or Order granting custody of the minor children to [appellant], there has occurred such a material and substantial change of circumstances or conditions that the retention of the present managing conservator [appellant] would be injurious to the welfare of the children and that the appointment of [appellee] as managing conservator would be a positive improvement for the children?" No objection was made to the manner in which the issue was framed. The jury answered the issue affirmatively.

Appellant attacks the judgment by points of error claiming that there is no evidence or, alternatively, insufficient evidence to support the jury's answer to the special issue.

In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's findings and consider only the facts and circumstances which tend to support those findings. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). In reviewing factual sufficiency points of error, the court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Texas Family Code Ann. § 14.08 (Supp. 1978) empowers the court having jurisdiction of a suit affecting the parent-child relationship to modify, after hearing, an order appointing a managing conservator if:

"(c) . . .

(1) . . . the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child. . . ."

Several months after entry of the order appointing appellant managing conservator, appellant married Joe Colbert. She later divorced and remarried Colbert. In February, 1978, she and Colbert lived in Brownwood, Texas. During that month, appellant left Colbert and took the children to Panama City, Florida. She made no effort to notify Colbert or appellee where she or the children might be reached.

There was evidence from which the jury could have believed that appellant and the children lived in a trailer house in Panama City with a married man from Brownwood, David Miller. After several weeks in Florida, appellant and the children returned to Texas where she and the children took an apartment in Comanche. There was evidence from which the jury could have concluded that David Miller lived with appellant and the children in the apartment. Appellant was divorced from Colbert for the second time in June, 1978.

After appellant and appellee were divorced, appellee married his present wife, Shiela Ruth Stokes. Mrs. Stokes has two children by previous marriages, and she and appellee have one child, a five-year old daughter. Appellee and his family live in San Angelo, and he works for Southwestern Life Insurance. He and Mrs. Stokes own a comfortable home. The Stokes family attends the First Christian Church where appellee is a deacon. There was evidence from which the jury could have concluded that the Stokes were responsible, loving parents and could provide Christina and Michael with a stable, wholesome home life.

Under appellant's no evidence point, the argument is limited to the claim that appellee failed to prove that the circumstances of the child or parent had materially and substantially changed since entry of the December, 1971, order. Appellant states the law to be: "[t]here must be some evidence of probative force showing a material and substantial change of circumstances which occurred between the date of the last order and the date Appellee filed his petition. *O'Dell v. Brame*, 517 S.W.2d 920 (Tex.Civ. App., 1974, n. w. h.), *Bukovich v. Bukovich*, 399 S.W.2d 528 (Tex.Sup.Ct., 1966), *Watts v. Watts, supra* [563 S.W.2d 314 (Tex.Civ.App. 1978, writ ref'd n. r. e.)]." Appellant emphasizes that appellee introduced no evidence showing the circumstances of the children or either parent *at the time of the divorce* or *at the time of any prior order*. Appellant then argues that without such evidence, the fact finder could not conclude that there had been a material *change* of circumstances with respect to the children or either parent so as to permit a modification of the prior order. *Watts v. Watts, supra.*

Rejecting all evidence contrary to the jury's answer and considering only the facts and circumstances that tend to support that answer, we are of the opinion that there is some evidence that the circumstances of the managing conservator, appellant, and of the children have so materially and substantially changed since the entry of the order to be modified that retention of appellant as managing conservator would be injurious to the welfare of the children and that the appointment of appellee would be a positive improvement for the children. Appellee proved that appellant married Joe Colbert in the spring of 1972. She later divorced Colbert and then remarried him. In February, 1978, she left her husband, Colbert, and took the Stokes children to live with another man, David Miller. Appellant and Colbert were again divorced in June, 1978.

It is plain that appellant's conduct, outlined above, occurred subsequent to the entry of the original order. It is equally manifest that such conduct constituted a material and substantial change of conditions that affected appellant's situation and the Stokes children's interests. *Wallace v. Fitch*, 533 S.W.2d 164 (Tex.Civ.App.1976, no writ).

From the evidence the jury could have concluded that the existing parent-child relationship was not a proper one and that appellant's parental ability was, at best, questionable. The jury was entitled to consider the stable, wholesome home life offered by appellee and his family for Christina and Michael in contrast to appellant's erratic course of conduct and pattern of life.

In reviewing appellant's insufficient evidence points of error, this Court has considered all of the evidence and has concluded that the jury's answer is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

All of appellant's points are overruled and the judgment is affirmed.

Affirmed.