Sharon B. JONES, Appellant,

v.

J. T. JONES, Appellee.

No. B2445.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 25, 1981.

Rehearing Denied April 15, 1981.

Earle S. Lilly, Lilly, Winchester & Short, Houston, for appellant.

Roy W. Moore, Warren G. King, Law Offices of Roy W. Moore, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

This is a child custody case. Appellant, Sharon Jones Cable, appeals from a judgment rendered in favor of appellee, J. T. Jones.

Appellant and appellee were divorced on April 22, 1976. By agreement of the parties, the decree of divorce designated appellee the managing conservator of the minor child, Jaeson Todd Jones, and appellant was named possessory conservator. Appellant later brought this motion to modify, requesting that she be named managing conservator. After trial before a jury, the court entered its order retaining appellee as managing conservator. We reverse and remand.

Appellant asserts error in the submission of Special Issue No. 1 to the jury. That issue inquired,

Do you find from a preponderance of the evidence that the circumstances of the child, Jaeson Todd Jones, or the circum-

stances of the managing conservator-parent, J. T. Jones, have materially and substantially changed since the entry of the Decree of Divorce which was granted on April 22, 1976, and which is sought to be modified?

The jury answered "we do not." Appellant points out that the issue as submitted, does not allow the jury to consider whether the circumstances of the possessory conservator have materially and substantially changed since the entry of the divorce decree. Appellant had tendered to the court the following special issue for submission to the jury:

Do you find from a preponderance of the evidence that the circumstances of the child, Jaeson Todd Jones, or the Managing Conservator parent, J. T. Jones, or the Possessory Conservator parent, Sharon B. Jones Cable, have materially and substantially changed since the entry of the Decree of Divorce which was entered on April 22, 1976, and which is sought to be modified?

The court refused to submit this issue. Special Issue No. 2 was submitted to the jury conditioned on an affirmative finding to Special Issue No. 1. Likewise the jury was not to answer the third issue unless it answered "we do" to the second issue. Issues No. 2 and 3 inquired:

Do you find from a preponderance of the evidence that the retention of the father, J. T. Jones, as managing conservator would be injurious to the welfare of the child, Jaeson Todd Jones?

Do you find from a preponderance of the evidence that the appointment of the mother, Sharon B. Cable, as managing conservator would be a positive improvement for the child?

The jury did not reach the above issues since it answered "we do not" to Special Issue No. 1.

■ A determination of the correct submission of Special Issue No. 1 depends on the interpretation this court gives to Tex. Fam.Code Ann. § 14.08(c)(1) (Vernon Supp. 1980–1981). That section of the Family Code provides that after a hearing, a court with jurisdiction of the suit affecting the parent-child relationship, may modify an order or portion of a decree that:

(1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and the appointment of the new managing conservator would be a positive improvement for the child.

*Id.* Appellant argues that the key phrase in this section is "child or parent." Parent is defined in the Family Code as "the mother, a man as to whom the child is legitimate, or an adoptive mother or father, but does not include a parent as to whom the parent-child relationship has been terminated." Tex.Fam.Code Ann. § 11.01(3) (Vernon 1975). Appellant relies on this definition and states that the jury may consider a material and substantial change in circumstances of the child and either parent. We agree.

Until 1975, 14.08(c) of the Family Code required that the circumstances of the child must have materially and substantially changed and that modification be in the best interest of the child. Some courts refused to consider any change in conditions of the non-custodial parent until a change of conditions was first shown as to the custodial parent. *In re Y*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi, 1974, writ ref'd n.r.e). Section 14.08 was amended in 1975 and the cases that have been reported interpreting the section are contradictory. One court has held that a trial court may not consider the best interests of the child unless the parent seeking custody can first show that the continuance of the status quo (the retention of the present managing conservator) would be injurious to the child. *D.W.D. v. R.D.P.*, 571 S.W.2d 224 (Tex.Civ. App.—Fort Worth 1978, no writ). Another court stated that when 14.08 was amended to read "child or parent," the legislature intended to include the non-custodial parent, since the word "parent" is not qualified

by an adjective. *Watts v. Watts*, 563 S.W.2d 314 (Tex.Civ.App.—Dallas 1978, no writ). We agree with the latter interpretation. ·

■ The burden of pleading and proving a material change of circumstances is on the non-custodial parent. *Id.* A logical reading of 14.08(c)(1) shows that the non-custodial parent must prove (1) the circumstances of the *child or parent* have materially or substantially changed since the entry of the order to be modified, (2) the retention of the present managing conservator would be injurious to the welfare of the child, and (3) the appointment of the new managing conservator would be a positive improvement. The legislature used the term "present managing conservator" in (2) above. We therefore assume that if the legislature intended for the inquiry in (1) to be restricted to a change in circumstances of the child and custodial parent only, the legislature would have used the term "present managing conservator" in (1) instead of the term "parent."

In submission of the charge to the jury, the first special issue could inquire,

"Do you find from a preponderance of the evidence that the circumstances of any of the following have materially and substantially changed since the entry of the decree which is sought to be modified:

    a. the child (name party)? _____
    b. the managing conservator (name party)? _____
    c. the possessory conservatory (name party)? _____

Answer 'Yes' or 'No' to a, b, and c."

A finding that there has been a material change as to any of the above, would allow the jury to reach Special Issue No. 2, whether the retention of the present managing conservator would be injurious to the child.

■ We find that the trial court erred in refusing to submit the issue as requested by appellant. The jury was only allowed to consider a change in circumstances of the child or managing conservator. Since the jury found no change in circumstances as to them, it was prevented from considering the injurious retention issue. We are not holding that a change in circumstances of the non-custodial parent will necessarily mean that retention of the present managing conservator would be harmful. We are stating only that the jury should be allowed to consider whether such material changes have occurred. Appellant testified that at the time of the divorce, she was living in a one bedroom apartment and earning $700–800 a month. She later married and her husband's income is $100,000.00 per year. She has acquired a home and can provide for her son without working outside the home. Since she pled and introduced evidence on her change of circumstances, the term "possessory conservator" should have been included in Special Issue No. 1. Tex. R.Civ.P. 277. A review of the entire record shows that if the issue had been submitted correctly, the jury would probably have found a material change in appellant's circumstances, thus enabling the jury to answer Special Issue No. 2. We find the error of the court in this case amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434.

■ Appellee claims that appellant did not properly preserve error due to the failure to sufficiently object to Special Issue No. 1. We disagree. Appellant tendered an issue in substantially correct wording which the court refused. Appellant also objected to the issue as submitted by the court and as required by Rule 274.

We reverse the judgment of the trial court and remand the cause for retrial in accordance with this opinion.

Judgment rendered, and Opinion filed March 25, 1981.