J. T. JONES, Petitioner,

v.

Sharon Jones CABLE, Respondent.

No. C–391.

Supreme Court of Texas.

Dec. 31, 1981.

Rehearing Denied Feb. 10, 1982.

Roy W. Moore and Warren G. King, Houston, for petitioner.

Lilly & Winchester, Earle S. Lilly and Ann J. Crawford, Houston, for respondent.

RAY, Justice.

This is a child custody case. Petitioner J. T. Jones (Jones) and Respondent Sharon B. Jones Cable (Cable) were divorced April 22, 1976. By agreement of the parties, the divorce decree designated Jones the managing conservator of the couple's minor child, Jaeson Todd Jones. Cable later brought this motion to modify the decree, requesting that she be named managing conservator. After a jury trial, the court rendered judgment that Jones continue as managing conservator. The court of civil appeals reversed the judgment of the trial court and remanded the cause for a new trial. 614 S.W.2d 190.

We reverse the judgment of the court of civil appeals.

Cable's main contention is that the trial court improperly refused her requested Special Issue No. 1:

> Do you find from a preponderance of the evidence that the circumstances of the child, Jaeson Todd Jones, or the Managing Conservator parent, J. T. Jones, or *the Possessory Conservator parent, Shar-*

*on B. Jones Cable*, have materially and substantially changed since the entry of the Decree of Divorce which was entered on April 22, 1976, and which is sought to be modified. (Emphasis added).

Instead of the requested issue, the trial court submitted, over Cable's objection, a similar issue which inquired only into changes in the circumstances of the child and managing conservator. Special Issue Nos. 2 and 3 were conditioned on an affirmative finding as to Special Issue No. 1 and inquired, respectively, whether retention of Jones as managing conservator would be injurious to the welfare of the child and whether appointment of Cable as managing conservator would be a positive improvement for the child. The jury answered Special Issue No. 1 "we do not" and, accordingly, did not reach Special Issue Nos. 2 and 3.

The relevant statute, Tex.Fam.Code Ann. § 14.08 (Supp.1980), provides in part:

> (c) After a hearing, the court may modify an order or portion of a decree that:
> (1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child.

Prior to its amendment in 1975, section 14.08(c) spoke only of changes in the circumstances of the child. We must decide what the legislature meant when it amended the statute to provide for consideration of changes in the circumstances of the child *or parent.*

Tex.Fam.Code Ann. § 11.01 provides: "As used in this subtitle and Subtitle C of this title, *unless the context requires a different definition:* * * * (3) 'Parent' means the mother, a man as to whom the child is legitimate, or an adoptive mother or father, but does not include a parent as to whom the parent-child relationship has been terminated." (Emphasis added). Cable ar-

gues that under this definition, "parent," as it is used in section 14.08(c)(1), means both the managing and possessory conservators. We disagree and are of the opinion that the context of section 14.08(c)(1) requires a different definition of "parent."

Section 14.08(c)(1) can be paraphrased into three inquiries: before a court can modify a custody order, there (1) must be a change in the circumstances of the child *or parent* so material and substantial that (2) retention of the present managing conservator would be injurious to the welfare of the child and (3) the appointment of a new managing conservator would be a positive improvement for the child. When one examines the second inquiry, it becomes apparent that the legislature did not intend "parent" to include possessory conservator. A change in the circumstances of the possessory conservator cannot cause the retention of the present managing conservator to be injurious to the child. While a possessory conservator might better himself financially or emotionally and, because of this change, be able to provide the child with more of life's comforts, this would not cause the retention of the present managing conservator to become injurious to the welfare of the child. Even if one could say the child would be better off with the possessory conservator, this would not cause the existing custody arrangement to injure the child. For an existing custody arrangement to become injurious to a child, there must first be a change in the circumstances of the child or custodial parent.

Our holding that "parent" does not include the possessory conservator must also apply to the third inquiry concerning whether appointment of the new managing conservator would be a positive improvement. Under section 14.08(c)(1), it is irrelevant whether or not there has been a change in the circumstances of the possessory conservator. If, however, there is a finding of change in the circumstances of the child or custodial parent, the fact finder may then look at the circumstances of the possessory conservator as they exist at the time of the hearing on the motion to modify in order to determine whether his or her appointment as managing conservator would be a positive improvement for the child.

We hold that the trial court correctly refused Cable's requested special issue and that Special Issue No. 1 was submitted in its proper form.[1]

We disapprove language in *Watts v. Watts*, 563 S.W.2d 314, 316 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.) to the effect that "parent," as it is used in section 14.08(c)(1), includes both the custodial and non-custodial parents.

Because of our ruling, we need not reach Jones' other point of error.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

WALLACE, J., dissents in an opinion in which McGEE and DENTON, JJ., join.

SPEARS, J., not sitting.

---

1. Special Issue No. 1 read as follows:

    Do you find from a preponderance of the evidence that the circumstances of the child, Jaeson Todd Jones, or the circumstances of the managing conservator-parent, J. T. Jones, have materially and substantially changed since the entry of the Decree of Divorce which was granted on April 22, 1976, and which is sought to be modified?

    A suggested form for Special Issue No. 2, which was correctly conditioned on an affirmative finding as to Special Issue No. 1, is as follows:

    Do you find from a preponderance of the evidence that the substantial and material change of circumstances found in Special Issue No. 1 was such that the retention of the father, J. T. Jones, as managing conservator would be injurious to the welfare of the child, Jaeson Todd Jones?

    A suggested form for Special Issue No. 3, which was correctly conditioned on an affirmative finding as to both Special Issue Nos. 1 and 2, is as follows:

    Do you find from a preponderance of the evidence that the substantial and material change of circumstances found in Special Issue No. 1 was such that the appointment of the mother, Sharon B. Cable, as managing conservator would be a positive improvement for the child?

WALLACE, Justice, dissenting.

I respectfully dissent and would affirm the judgment of the Court of Civil Appeals. Section 14.08(c)[1], in clear and simple language, states:

After a hearing the court may modify an order or portion of a decree that:

(1) designates a managing conservator if the circumstances of the child *or parent* have so materially and substantially changed... (Emphasis added).

Section 11.01(3) defines parent as a mother or, a man as to whom the child is legitimate, or an adoptive mother or father. The court's opinion ignores the definition prescribed by the Legislature and, through what I feel is erroneous reasoning, finds that when the Legislature said parent, it did not mean parent. The court's reason for ignoring the obvious legislative intent is their belief that a change in the circumstances of a possessory conservator can never result in injury to the child due to the retention of the existing managing conservator.

Trial judges may name a parent managing conservator even though he or she is providing the bare minimum of counsel, direction, discipline and support to the child. Such appointment is made necessary because the other parent would provide even less. Once the possessory conservator straightens out his or her life and is in a position to provide both the tangible and intangible factors necessary for full development of the child, it could be injurious to the child not to be provided with those factors. Under the majority decision as long as the circumstances of the managing conservator, no matter how poor, remain the same as at the date of the custodial order, and no matter what improvements the possessory conservator has experienced, the trial judge is precluded from acting in the best interest of the child. I find no such legislative intent expressed in the Family Code.

The Legislature places upon the trial judge the onerous burden of determining what is in the best interest of the child. Section 14.08(c)(1), if interpreted according to its obvious meaning, gives the trial judge the opportunity to examine all the facts available and then make his informed decision, rather than restricting him to a consideration of only a part of the facts, as is the case under the majority holding. Determination of the best interest of the child is the responsibility of the trial judge. That determination can best be made only after consideration of all facts influencing the child. We should not put blinders on the trial judge and still expect him to make informed decisions.

McGEE and DENTON, JJ., join in this dissent.

---

1. All references are to Tex.Fam.Code Ann.