Sharon Lou Greenwood GIBBS,
Appellant,

v.

James Allen GREENWOOD, Appellee.

No. 13597.

Court of Appeals of Texas,
Austin.

May 4, 1983.

William H. Ervine, Jr., San Angelo, for appellant.

David B. Read, Turner, Read & Williams, San Angelo, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

POWERS, Justice.

Appeal is taken from a judgment modifying a previous divorce decree pursuant to Tex.Fam.Code Ann. § 14.08 (Supp.1982).

Appellee James Allen Greenwood filed a motion on March 2, 1981, in the district court of Tom Green County to modify a divorce decree entered by that court on November 21, 1979. By his motion appellee sought the removal of his former wife, appellant Sharon Lou Greenwood Gibbs, as managing conservator of Mica Mathew Greenwood, age five, and his appointment to that position. Upon appellee's request for temporary orders, on March 12, 1981, a hearing was held, after which the trial court appointed appellee temporary managing conservator pending trial on the merits. After a trial on the merits on July 20, 1981, judgment was entered by the district court appointing appellee managing conservator and appellant possessory conservator.

Appellant challenges the judgment by two points of error. By the first, she asserts there is insufficient evidence to support the court's finding of material and substantial change of circumstances since the entry of the previous decree, and the finding that her retention as managing conservator would be injurious to the child. By the second, she claims that the evidence is insufficient to support the court's determination that the appointment of appellee as managing conservator would provide a positive improvement for the child.

We will affirm the judgment.

Texas Fam.Code Ann. § 14.08 (Supp. 1982) empowers the court having jurisdiction of a suit affecting the parent-child relationship to modify, after hearing, an order appointing a managing conservator if:

(c) ...

(1) ... the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing

conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child. . . .

 In *Jones v. Cable,* 626 S.W.2d 734, 736 (Tex.1981), the Supreme Court analyzed this provision as follows:

> Section 14.08(c)(1) can be paraphrased into three inquiries: before a court can modify a custody order, there (1) must be change in the circumstances of the child *or parent* so material and substantial that (2) retention of the present managing conservator would be injurious to the welfare of the child and (3) the appointment of a new managing conservator would be a positive improvement for the child. [emphasis in original]

The requirement of a change of circumstances is based upon the doctrine of *res judicata.* The previous determination of custody constitutes an adjudication of the "best interests" of the child, required by Tex.Fam.Code Ann. § 14.07(a) (1974). To avoid the effect of the former order or judgment determining custody, the party seeking a modification of conservatorship must show a material and substantial change in conditions. *Knowles v. Grimes,* 437 S.W.2d 816, 817 (Tex.1969); *Ogletree v. Crates,* 363 S.W.2d 431, 434 (Tex.1963) ("A final judgment in a custody proceeding is *res judicata* of the best interest of a minor child as to conditions then existing."). Whether there has been a material and substantial change of conditions affecting the child is normally to be determined by an examination of the evidence of changed circumstances occurring between the date of the order or judgment sought to be modified and the date of the filing of the motion to modify. *Bukovich v. Bukovich,* 399 S.W.2d 528, 529 (Tex.1966); *Odell v. Brame,* 517 S.W.2d 920, 921 (Tex.Civ.App.1974, no writ). If the inquiry regarding changed circumstances relates to a parent, then the court is only authorized to consider the changes with reference to the custodial parent. *Jones v. Cable, supra.* If materially changed conditions *are* found to exist, *then*

there remain two questions: are the changed circumstances so material and substantial that retention of the present managing conservator would be injurious to the welfare of the child; and would the appointment of the movant as a new managing conservator be a positive improvement for the child? *Id.* at 736.

Following the entry of judgment, the court below made numerous findings of fact. For the most part, these findings include various evidentiary facts from which the trial court concluded that there had been a material and substantial change in the circumstances of appellant since the entry of the prior order which made retention of appellant as managing conservator injurious to the child. Although appellant's first point of error is both multifarious and too general to draw our attention to the specific findings she seeks to attack, we have examined both the point of error and the argument under it to determine the nature and extent of her complaint. *Fambrough v. Wagley,* 120 Tex. 577, 169 S.W.2d 478, 482 (Tex.1943). *See* Tex.R.Civ.P.Ann. 418(d) (Supp.1982).

Reduced to its essentials, appellant's argument is that at the time of the divorce decree sought to be modified, she was living with another man (Gibbs), whom she subsequently married. Therefore, she argues, the fact that she was, at the time appellee filed the motion to modify, living with yet another man (Cave), while she was still married to Gibbs, does not constitute a material and substantial change of circumstances. *See Watts v. Watts,* 563 S.W.2d 314, 316 (Tex.Civ.App.1978, writ ref'd n.r. e.). This is especially the case, she contends, because at the time of the hearing on the merits, her relationship with Cave had ended. She also argues that the evidence affirmatively shows that at the time of the prior decree, her health was bad because of severe and traumatic surgery, but that it had improved substantially by the time of the trial below. Additionally, she contends that her level of income had increased from the date of divorce to date of modification, and that this constituted a positive improvement for the child.

In our disposition of appellant's contentions under her first point of error, we initially note that in reviewing factual sufficiency points of error, we are to consider all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). On the other hand, findings of fact which are unchallenged are binding upon appellant and the reviewing court. *Tex. St. Bd. of Pharm. v. Gibson's Discount Cent.,* 541 S.W.2d 884, 886 (Tex.Civ.App.1976, writ ref'd n.r.e.).

We therefore turn our attention to those relevant findings which are not attacked by appellant. They may be summarized as follows: the child was exposed to appellant's adulterous relationship with Cave; the child had arrived at an age when he was curious about his mother's relationship with Cave; during the time that Cave and appellant lived together, Cave was charged with the offense of possession of marijuana; there were times that appellee wished to speak to the child by telephone, but was prevented from doing so by Cave; appellant moved away from Cave during the pendency of this cause to make it "look better to the Court"; appellant left the child with appellee for considerable periods of time, or she left the child alone "a lot."

We next turn to those findings which are challenged, albeit sparsely, by appellant. In doing so, we observe that appellant has not brought forward a complete record for our review. During the hearing on the merits, the trial court, without objection, made the statement of facts from the prior hearing on temporary orders a part of the record, and it was agreed by the parties that the court could consider the evidence heard then as if it had been offered on the merits. Neither that statement of facts, nor any request for its inclusion, appears in the record.

It has been a venerable rule in Texas that a party seeking to challenge the legal or factual sufficiency of the evidence on appeal has the burden of bringing forward a complete or agreed statement of facts, or have it presumed by the appellate court that there was evidence to support the findings in the absent portion of the record. *Englander Co., Inc. v. Kennedy,* 428 S.W.2d 806 (Tex.1968); *Campbell v. Skidmore,* 1 Tex. 475 (1846). By amendment to the Texas Rules of Civil Procedure, effective January 1, 1981, the Supreme Court modified the principle to allow appeals with partial statement of facts, to the salutary end that there would be less delay in preparation, less expense associated with appeals, and a shorter, more relevant record to review. As amended, Tex.R.Civ.P.Ann. 377(d) (Supp.1982) provides:

> If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. *If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal.* Appellee may designate additional portions of the evidence to be included in the statement of facts. [emphasis added]

*See also* subsection (c) of the rule, and Tex.R.Civ.P.Ann. 375 (1967).

From our review of the transcript, we find no request for a statement of facts, no stipulation as to the record on appeal, and no such statement of the points to be relied upon by appellant as is contemplated by the rule. Under these circumstances, we conclude that appellee was under no duty to bring forward the missing statement of facts; and, whether the missing portion of the record is regarded as an exhibit or a volume of the statement of facts, that a presumption attaches that the challenged findings are supported by the evidence. *Englander Co., Inc. v. Kennedy, supra.*

We therefore hold that the following findings, which we summarize, are supported by the evidence: although at the time of the former order, appellant's physical and mental health was not completely satisfactory, it has subsequently worsened, as exemplified by her use of tranquilizers

and depressants, as well as her threats, made during the pendency of these proceedings, to commit suicide and to do harm to appellee. Although we are not completely satisfied that such conduct occurring *during* the pendency of the motion-to-modify proceedings may be considered as independent proof of changed circumstances, *Bukovich v. Bukovich, supra,* we conclude that the trial court is not required to blind itself to such conduct if that conduct has a probative relationship to the custodial parent's circumstances existing at the time the motion to modify was filed. Given the state of the record in this cause, we are unable to say that no such probative relationship exists. In this regard, we note that appellant does not challenge the court's finding that "[h]er mental instability was obvious to the Court at both hearings [on temporary orders and on the merits]." To hold that such conduct has no probative value, we would have to conclude that such instability was also present at the time of the prior decree, but the trial court nevertheless awarded her custody of the child, or that the instability was of somewhat immediate origin (i.e., occurring within a period of ten days between the filing of the motion to modify and the hearing on temporary orders). In the context presented, we cannot so hold.

For the reasons stated, we therefore conclude the trial court's determination, that the circumstances of appellant have so materially and substantially changed since the entry of the previous order that her retention as managing conservator would be injurious to the child, is not so against the great weight of the evidence as to be manifestly unjust. Accordingly, appellant's first point of error is overruled.

We now turn to appellant's second point of error, by which she complains that the evidence is insufficient to support the court's finding that the appointment of appellee as managing conservator "would be a positive improvement and in the best interest of the child."

This contention cannot be sustained for either of two reasons. First, as noted above, we are required to presume, in the absence of a complete or agreed statement of facts, or a partial statement of facts prepared in accordance with Tex.R. Civ.P. 377(d), that the evidence is sufficient to support this finding. Additionally, an examination of appellant's brief reveals neither argument nor citations to the record or authorities in support of this point of error. Her argument, which is grouped under both points of error, is restricted to a claim of the absence of changed circumstances and the positive benefit of her retention as managing conservator, which we have discussed above. In the absence of argument and authorities in support of a point of error, nothing is presented for this Court to review. Tex.R.Civ.P.Ann. 418(e) (Supp. 1982); *Rayburn v. Giles,* 182 S.W.2d 9, 14 (Tex.Civ.App.1944, writ ref'd); *Nolan v. Bettis,* 577 S.W.2d 551, 556 (Tex.Civ.App. 1979, writ ref'd n.r.e.). We further note that we have reviewed the record that is available to us, although we are not required to do so, and have concluded that the finding is supported by sufficient evidence.

Appellant's second point of error is overruled, and the order of the trial court is affirmed.