ross2 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-188-CV





JAMES GLENN ROSS,



 APPELLANT


vs.





EDELTRAUD AMALIA ROSS,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT



NO. 87-793-F, HONORABLE JOHN R. CARTER, JUDGE PRESIDING



 






PER CURIAM 

 This is an appeal from a final decree of divorce. Appellant complains of the trial
court's actions in: (1) failing to file findings of fact and conclusions of law; (2) awarding a 484-acre tract of land in Hardeman County (hereinafter the "homeplace") to appellee; and (3)
designating appellee as owner and operator of the homeplace for the purpose of its continued
participation in the United States Department of Agriculture's Conservation Reserve Program.


 

I. BACKGROUND


 In his first point of error, appellant asserted that the trial court erred in failing to
file findings of fact and conclusions of law. See Tex. R. Civ. P. Ann. 296, 297 (Supp. 1991). 
This Court sustained the point of error, abated the appeal, and directed the trial court to make
findings of fact and conclusions of law to be filed in this Court in a supplemental transcript. We
now have before us the trial court's findings and conclusions and, therefore, point of error one
is moot.

 Appellant attacks the award of a 484-acre tract of land to appellee in two points of
error:



POINT OF ERROR NO. II



THE TRIAL COURT ERRED IN AWARDING APPELLEE THE 484 ACRE
TRACT OF LAND IN HARDEMAN COUNTY, TEXAS [THE HOMEPLACE],
BECAUSE SAID LAND WAS APPELLANT'S SEPARATE PROPERTY.



POINT OF ERROR NO. III



THE EVIDENCE IS INSUFFICIENT TO SUPPORT AN IMPLIED FINDING
THAT THE 484 ACRE TRACT OF LAND IN HARDEMAN COUNTY, TEXAS
[THE HOMEPLACE], IS COMMUNITY PROPERTY BECAUSE SUCH
FINDING IS AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF
THE EVIDENCE.



 Because the trial court had not made findings of fact initially, appellant bases his
argument upon an "implied finding" that the homeplace was community property. After the
findings of fact and conclusions of law were filed in this Court, appellant neither sought nor filed
an amended brief challenging the findings. Accordingly, we will construe the argument as an
attack on the relevant findings now before this Court.

 When specific findings of fact and conclusions of law are filed and a statement of
facts is before the appellate court, the findings will be sustained if there is any evidence to support
them, and the appellate court will review the legal conclusions drawn from the facts to determine
their correctness. Mercer v. Bludworth, 715 S.W.2d 693, 697 (Tex. App. 1986, writ ref'd
n.r.e.)(emphasis added), overruled on other grounds, Shumway v. Horizon Credit Corp., 801
S.W.2d 890, 894 (Tex. 1991).


 In regard to the homeplace, the trial court found:


 

 9. Funds were paid to [appellant's] mother on the interest in the "Home place"
purchased from her and such funds were community funds.


10. Taxes, other expenses, and income during the marriage . . . concerning the
interests of [appellant] or [appellee] in the "Home place," . . . were paid
from or deposited into community accounts.


11. Individual financial books or records for each tract during the marriage .
. . were not maintained on the "Home place," . . . .


12. Oil and gas leases during the marriage . . . concerning the interests of
[appellant] or [appellee] in the "Home place," were executed by both
[appellant] and [appellee].



In finding of fact five, the trial court found further that the parties acquired certain property,
including the homeplace, during the marriage other than by gift or inheritance. These are issues
of fact from which the trial court determined the status of the property. See Cockerham v.
Cockerham, 527 S.W.2d 162, 173 (Tex. 1975).

 The argument under points two and three appears to challenge the findings that the
parties acquired the property during marriage other than by gift or inheritance and that expenses
were paid from community funds. (1) Because appellant does not challenge the other findings, they
are binding on appellant and this Court. Gibbs v. Greenwood, 651 S.W.2d 377, 380 (Tex. App.
1983, no writ); City of Corpus Christi v. Davis, 575 S.W.2d 46, 51 (Tex. Civ. App. 1978, no
writ).

 The evidence shows that appellant's interest in the homeplace derives from two
sources: appellant's mother, Mrs. Ross, and his brother, Jerry. Appellant first contends that the
interest acquired from Mrs. Ross was a gift to him. He testified that Mrs. Ross gave him and his
brother the homeplace as a gift that they shared "50-50"; that, although the deed of conveyance
recites consideration of $20,000, he never made any payments on the note; (2) and that Mrs. Ross
released the lien on the property less than thirty days after the deed was written.

 Appellee testified that during their marriage, appellant and his brother purchased
the property from Mrs. Ross and that appellant made payments to her over a twenty-year period. 
Appellee testified further that she had seen the payment checks written either on the J.F. Ross &
Sons account or the Norris Implements account. (3) Each check was made out to Mrs. Ross and
stated either "Land payment" or "Note payment."

 Appellant asserts that the one-half interest acquired from his brother was purchased
with his separate funds. He testified that he acquired the interest as part of a buy-out transaction
that included the homeplace, a second tract of land, Norris Implements, and an aircraft; that he
executed a note in the amount of $35,000 payable to Jerry; and that Jerry and a second lienholder
promised to look only to appellant's separate property to satisfy liens against the homeplace. He
testified further that he made no payments on the note. Appellant did not offer any evidence to
support his assertion that he acquired the interest "by purchasing it with his separate funds." See
Cockerham v. Cockerham, 527 S.W.2d at 167 (party asserting separate ownership must trace the
original separate property into the particular assets on hand during the marriage).

 Based on our review of the record before this Court, we conclude that appellant did
not conclusively rebut the presumption that the interest in the homeplace, acquired during the
marriage, was community property. Tex. Fam. Code Ann. § 5.02 (1975) (property either spouse
possesses during or on dissolution of the marriage is presumed to be community property). There
is sufficient evidence to sustain the trial court's findings of fact and the legal conclusions drawn
from the facts are correct. We overrule points of error two and three.

 In his fourth point of error, appellant asserts that the trial court erred in designating
appellee the owner and operator of the homeplace. The decree of divorce states that, as to the
homeplace, appellee "is designated both `owner' and `operator' in relation to the U.S.
Department of Agriculture, Agricultural Stabilization and Conservation Service, Commodity
Credit Corporation's Reserve Program for 1989 and later years to the extent permitted by law and
regulation." This program pays the owner of farm land for not farming the land as part of the
plan for price supports for commodities. See 7 U.S.C.A. §§ 1421-1471; (West 1988 & Supp.
1991).

 Neither appellant nor appellee directs us to the applicable federal regulations
governing the administration of the program. Because the trial court awarded the homeplace to
appellee, we conclude that it was not error for the trial court to designate her the owner and
operator for purposes of the federal program "to the extent permitted by law and regulation." We
overrule appellant's point of error four.

 The judgment of the trial court is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: November 20, 1991

[Do Not Publish]

1. [1]  Tex. Fam. Code Ann. § 5.01(b) (1975) defines community property as "the property, other
than separate property, acquired by either spouse during marriage." Separate property includes
property a spouse acquires "during marriage by gift, devise or descent." Tex. Fam. Code Ann.
§ 5.01(a)(2) (1975).
2. [2]  Neither this deed nor a note evidencing the debt are part of the record on appeal.
3. 

 [3]  Appellant owned both these businesses.