**Bruce WHITEHEAD, Appellant,**

v.

**Emily WHITEHEAD, Appellee.**

**No. 09 84 339 CV.**

Court of Appeals of Texas,
Beaumont.

May 8, 1986.

Rehearing Denied May 21, 1986.

Earle S. Lilly, Pamela E. George, Piro & Lilly, Houston, for appellant.

Michael D. Matheny, Beaumont, for appellee.

## ON MOTION FOR REHEARING

PER CURIAM.

We withdraw our former opinions handed down March 6, 1986, and herewith substitute the following.

After a jury trial, the court below entered an order appointing Emily B. Whitehead sole managing conservator of the minor children, Britney and Will. The original divorce decree provided that Emily and her husband, Bruce, were appointed as joint managing conservators of the minor children.

*TEX.FAM.CODE ANN. sec. 14.08* (Vernon Pamph Supp.1986) provides the exclusive method to modify prior final orders relating to the conservatorship of a child, as follows:

"(c) After a hearing, the court may modify an order or portion of a decree that:

"(1) designates a managing conservator if:

"(A) the circumstances of the child, managing conservator, possessory conservator, or other party affected by the order or decree have materially and substantially changed since the entry of the order or decree to be modified; and

"(B) the retention of the present managing conservator would be injurious to the welfare of the child; and

"(C) the appointment of the new managing conservator would be a positive improvement for the child; ...."

 The parent seeking the modification has the burden of showing that these grounds are satisfied. *Jones v. Cable,* 626 S.W.2d 734, (Tex.1981). The burden is onerous. *Armstrong v. Armstrong,* 601 S.W.2d 724, 725 (Tex.Civ.App.—Beaumont, 1980, writ ref'd n.r.e.). *Ramsey v. Ramsey,* 707 S.W.2d 724 (Tex.App.—Beaumont 1986, no writ) (not yet reported). The threshold inquiry is a determination of a material change. *Neal v. Neal,* 606 S.W.2d 729, 731

(Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). And this test must be met before one may look to the other two prongs set forth and quoted above. *Id., Jones v. Cable, supra.*

*Section 14.08(c)(3)(B)* provides a method to make an order more workable if "the order or portion of the decree to be modified has become unworkable or inappropriate under existing circumstances. . . ." See the recent case of *Billeaud v. Billeaud,* 697 S.W.2d 652 (Tex.App.—Houston [1st Dist.] 1985, no writ).

█ We find there is no evidence in this record to satisfy the standard of change of condition so as to justify the court's change in managing conservator. However, since there is evidence that the parents will likely live in different localities, and the wife has pleadings for a modification of the father's access to the children, we reverse the order of the trial court and remand the case for a determination of the alternative pleadings.

Reversed and Remanded.