**Danny E. DOYEN, Appellant,**

v.

**Nada DOYEN, Appellee.**

**No. 09 85 203 CV.**

Court of Appeals of Texas, Beaumont.

June 5, 1986.

Rehearing Denied June 18, 1986.

G. Patrick Black, Sparks & Hawthorne, Beaumont, for appellant.

Robert A. Black, Rober McCabe, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

## OPINION

PER CURIAM.

This is an appeal from a bench trial ordering a change in managing conservators. Danny Doyen had been named the managing conservator of Daniel Edward Doyen and the joint managing conservator of Devin Lance Doyen by a divorce decree dated August 7, 1984. The same decree named Nada Doyen possessory conservator of Daniel and joint managing conservator of

Devin.[1] Nada Doyen, on March 19, 1985, filed a motion to modify the divorce decree. She sought to have her periods of access to both children changed. After Nada Doyen filed her motion, Danny Doyen filed a counterclaim seeking to have Nada removed as the joint managing conservator of Devin. Nada then amended her motion and requested that Danny be removed as managing conservator of both children. The trial judge ruled in Nada's favor and this appeal follows. Danny Doyen alleges there was no evidence or insufficient evidence to support the trial court's judgment and that the trial court's findings were contrary to the great weight and preponderance of the evidence.

■ The evidentiary points are to be decided under the established guidelines and standards of *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), and *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). Before a modification can be allowed, the movant must meet the burden set forth in *TEX.FAM.CODE ANN. sec. 14.08(c)(1)* (Vernon Supp.1986). *In the Interest of Anglin*, 542 S.W.2d 927, 932 (Tex.Civ.App. —Dallas 1976, no writ). Further, for an existing custodial arrangement to become injurious to a child, there must first be a change in the circumstances of the child or custodial parent. *Jones v. Cable*, 626 S.W.2d 734 (Tex.1981).

Danny Doyen, at the time of the divorce, was providing the children a strong father figure. During the marriage he had participated in the child-rearing and household obligations. Nada Doyen admitted Danny was "a good father". The evidence further showed that the older child was closer to Danny and the younger child closer to Nada. Even prior to the divorce, the older child would, on occasion, refuse to leave the paternal grandmother's home with Nada, but would remain until Danny picked him up. There was some evidence the older child, prior to the divorce, called Nada by her given name rather than "mama".

During the separation and after the divorce, the two children lived with Danny at the home of the paternal grandparents. There is evidence the relationship between the older child and Nada began to further deteriorate. There was testimony that the older child began to call the grandmother "mama" and repeatedly refused to go with Nada. There was additional testimony that the child was under psychological stress because of the relationship, or lack of it, of the parents and grandmother. Further, the younger child was beginning to be stressed because of the situation. The then existing psychological stress of the older child and the beginning of stress in the younger child was a material and substantial change in circumstances.

Whether or not the retention of Danny Doyen as managing conservator of the children would be injurious to their welfare is a closer question. There is ample evidence for the court to conclude that the present circumstances were not working and in fact were causing a great deal of stress to the older child and some amount of stress to the younger child. The trial court certainly could have reasonably concluded that the children remaining in the conservatorship of Danny and consequently in the home of the paternal grandparents would be injurious to their psychological welfare. Even Danny agreed it was in the best interest of the children for the court to decide which parent should have the sole managing conservatorship of both children.

The court having found the threshold question in Nada's favor and then having found that retention would be injurious, the next finding was simply a logical step in the reasoning process. Further, there was evidence that Nada was no longer of the same mental attitude as at the time of the divorce. Her mental attitude had gotten considerably better and she was more cognizant of the children's needs and better able to provide for those needs.

1. This is yet another example when an agreement of joint managing conservator was expedient for settlement purposes, but subsequently was not workable, nor in the best interest of the children.

A trial court has broad discretion in deciding the issue of modification and its judgment will not be reversed except on a clear showing of an abuse of discretion. *Davis v. Duke*, 537 S.W.2d 519 (Tex.Civ. App.—Austin 1976, no writ). We find no such abuse of discretion. We overrule all of appellant's points of error and affirm the judgment of the trial court.

AFFIRMED.