**Robert Byron ROACH, Appellant,**

v.

**Mary Etta ROACH, Appellee.**

**No. 01–86–0709–CV.**

Court of Appeals of Texas,
Houston (1st Dist.), 1987.

April 30, 1987.
Rehearing Denied Aug. 31, 1987.

Earle S. Lilly, Piro & Lilly, P.C. (Pamela E. George, of counsel), Houston, for appellant.

Marshall Davis Brown, Jr., Houston, for appellee.

Before EVANS, C.J., and LEVY and SAM BASS, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a modification of a child custody after a jury trial.

Prior to the trial, the parties were joint managing conservators of their children,

Russell (born in 1979) and Kyle (born in 1982). Appellant filed the original motion to modify custody, requesting that he be appointed sole managing conservator. Appellee answered and filed a cross-motion, requesting that she be appointed sole managing conservator. Based on the jury's verdict, appellee was named sole managing conservator.

The Family Code sets out the following three-pronged test for modification of child custody:

After a hearing, the court may modify an order or portion of a decree that:

(1) designates a managing conservator if:

(A) The circumstances of the child, managing conservator, possessory conservator, or other party affected by the order or decree have materially and substantially changed since the entry of the order or decree to be modified;

(B) The retention of the present managing conservator would be injurious to the welfare of the child, and

(C) The appointment of the new managing conservator would be a positive improvement for the child.

Tex.Fam.Code Ann. sec. 14.08(c)(1) (Vernon 1986). The parent seeking modification has the burden of proving by a preponderance of the evidence that the grounds set forth above under sections 14.08(c)(1)(A), (B), and (C) are satisfied. *Jones v. Cable,* 626 S.W.2d 734 (Tex.1981).

The pertinent parts of the special issues and the jury's answers, which form the basis for appellant's first six points of error, are as follows:

### SPECIAL ISSUE NO. 1

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE that the circumstances of ROBERT BYRON ROACH or MARY ETTA ROACH or RUSSELL LEE ROACH and/or KYLE DOUGLAS ROACH have materially and substantially changed since the entry of the Decree of Divorce on the 13th day of June, 1983?

Answer: "We Do"

### SPECIAL ISSUE NO. 2

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE that the circumstances of ROBERT BYRON ROACH or MARY ETTA ROACH or RUSSELL LEE ROACH and/or KYLE DOUGLAS ROACH have so materially and substantially changed since the entry of the Decree of Divorce on the 13th day of June, 1983, that *the retention* of ROBERT BYRON ROACH as *a* managing conservator would be injurious to the welfare of the children? [Emphasis added.]

Answer: "We Do"

### SPECIAL ISSUE NO. 3

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE that the circumstances of ROBERT BYRON ROACH or MARY ETTA ROACH or RUSSELL LEE ROACH and/or KYLE DOUGLAS ROACH have so materially and substantially changed since the entry of the Decree of Divorce on the 13th day of June, 1983, that *the retention* of MARY ETTA ROACH as *a* managing conservator would be injurious to the welfare of the children? [Emphasis added.]

Answer: "We Do"

### SPECIAL ISSUE NO. 4

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE that it would be a positive improvement to appoint ROBERT BYRON ROACH as the sole managing conservator of the minor children, RUSSELL LEE ROACH and KYLE DOUGLAS ROACH?

Answer: We do not

### SPECIAL ISSUE NO. 5

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE that it would be a positive improvement to appoint MARY ETTA ROACH as the sole managing conservator of the minor children, RUSSELL LEE ROACH and KYLE DOUGLAS ROACH?

Answer: We do

■ Each of appellant's first six points of error is based on an apparent conflict between the jury's answers to issues three and five. The presumption on appeal is that jurors do not intend to return conflicting answers, but rather the contrary. Courts properly refuse to strike answers on the ground of alleged conflict, if there is any reasonable basis upon which the answers may be reconciled. *Huber v. Ryan,* 627 S.W.2d 145 (Tex.1981).

The jury was aware that the parties had been joint managing conservators. The evidence, including the testimony of both parties, was that the joint conservatorship was not only unworkable, but injurious to the children. In light of this undisputed evidence, it is clear that the third special issue, although awkwardly worded, was meant to be read in conjunction with the second special issue. Answering both issues affirmatively was the only way, in the context of the quoted five special issues, that the jury could express its determination that the retention of each parent as "a" managing conservator, i.e., one of two joint managing conservators, was injurious to the welfare of the children.

■ With this understanding of the jury's answers, we conclude that: 1) the judgment does not appoint a managing conservator who is injurious to the welfare of the children; 2) the answers of the jury to special issues three and five do not conflict; 3) there was no reason to send the jury back for further deliberation; 4) the court did not err in not declaring a mistrial; 5) the jury was persuaded that the retention of the joint managing conservatorship was injurious to the children and that the appointment of appellee as sole managing conservator would be a positive improvement; and 6) the judgment was based on jury answers supporting all three elements necessary to modification. Appellant's first six points of error are overruled.

■ In his seventh, ninth, and twelfth points of error, appellant contends that the trial court erred in submitting the case to the jury because there was no evidence, or in the alternative, insufficient evidence, to support the jury's answers to special issues one, two, or five. A trial court may not refuse to submit an issue merely because the evidence was insufficient to support a judgment; but may refuse to submit an issue only if no evidence exists to warrant its submission. *Brown v. Goldstein,* 685 S.W.2d 640 (Tex.1985). We consider these points along with the other "no evidence" points of error.

In points of error 8, 10, 11, and 13, the appellant contends that there was no evidence or, in the alternative, insufficient evidence, to support the jury's answers to special issues one, two, four, and five.

Appellant objected to the submission of special issues two, three, and five, and moved for a new trial or judgment n.o.v., alleging no evidence and insufficient evidence to support the jury's findings on special issues one, two, four, and five. Points of error 7 through 13 were all preserved for review.

■ It is not necessary for either party to prove that which is distinctly alleged by the adverse party. *O'Hara v. Hexter,* 584 S.W.2d 310 (Tex.Civ.App.—Dallas 1979, writ dism'd); *De la Fuente v. Home Savings Association,* 669 S.W.2d 137 (Tex. App.—Corpus Christi 1984, no writ). *Compare Snider v. Grey,* 688 S.W.2d 602, 606 n. 3 (Tex.App.—Corpus Christi 1985, writ dism'd) (where the allegations of material and substantial change made by each party were made for different purposes and required different proof). Admissions in trial pleadings are regarded as judicial admissions in the case, require no proof of the admitted fact, and authorize the introduction of no evidence to the contrary. *De la Fuente,* 669 S.W.2d at 145.

Appellant's pleadings stated:

The circumstances of the children or a person affected by the order or a portion of the decree providing for the Joint Managing Conservatorship of the children have materially and substantially changed since the entry of the order to be modified, wherein such circumstances and material changes include *but are not limited to:* [followed by a 12 specific

allegations in deficient care or behavior of the appellee].

His second trial amendment added the following language to his pleadings:

The terms of the prior Decree of Divorce have become unworkable and inappropriate, resulting in a situation which is not in the best interest of the minor children, and is in fact, injurious to said children.

Appellant frequently admitted the injurious change in circumstances during the trial. For example, he testified at one point:

Well, several conditions have changed. What's changed? I'll start with the children. My main concern has been my oldest son's emotional state.

. . . . .

Russell has been becoming increasingly disturbed upon having to be returned back to Houston, to the point that he's upchucked, and to the point that on the physical exchange between Mary and I, he's clung to me and he's fought her off and he's only gone back with her if she would promise him that if he was sad when he got back she would return him.

. . . . .

Q Is there any doubt in your mind that the conditions that existed on June the 13th have changed, the arrangement as it exists now is not working?
A There's no doubt in my mind.

We do not find *Whitehead v. Whitehead*, 709 S.W.2d 388 (Tex.App.—Beaumont 1986, writ dism'd), cited by appellant, to be persuasive. There was no judicial admission in *Whitehead* as there is in the instant cause. We note that this Court's decision in *Billeaud v. Billeaud*, 697 S.W.2d 652 (Tex.App.—Houston [1st Dist.] 1985, no writ), cited in *Whitehead*, does not in fact support *Whitehead's* conclusion that the proper remedy for an injurious joint conservatorship is "to make [the] order more workable" as provided by Tex.Fam.Code Ann. sec. 14.08(c)(3)(B) (Vernon 1986). In *Billeaud*, the jury found that retention of the joint managing conservatorship would *not* be injurious to the children; while in

*Whitehead*, the jury found that retention would be injurious.

▮ Points of error seven and eight, insofar as eight alleges "no evidence," are overruled because appellant judicially admitted the change in circumstances.

Appellant's remaining "no evidence" points of error require this Court to determine whether there is any evidence of probative force to support the findings of the jury. In making this determination, we look only to the evidence favorable to the verdict to determine whether the evidence as a matter of law requires a conclusion contrary to the verdict. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

We therefore consider first whether there was legally sufficient evidence to support the jury's answers that: (1) the retention of appellant as "a" managing conservator (i.e., the retention of the *joint managing conservatorship*) would be injurious to the welfare of the children; (2) it would not be a positive improvement to appoint appellant as the sole managing conservator; and (3) it would be a positive improvement to appoint appellee as the sole managing conservator.

There was undisputed evidence presented that under the divorce decree, the parties were joint managing conservators with alternating two week periods of possession. The decree provided that when a child began public school, that child would reside with appellee until he began the sixth grade. During that period, the appellant would have specified periods of possession. Thereafter, the arrangement would reverse. The parties' oldest son reached school age and resided with appellee as provided in the decree. However, at appellant's insistence, the younger child continued under the alternating two week arrangement. Thus, the joint managing conservatorship necessitated the separation of the two boys. Every witness, including the appellant, testified to the emotional disruption this arrangement caused the children. There was evidence that the joint conservatorship itself angered the parties; as a

result they were frequently angry at each other in front of the children.

Appellee testified that appellant:

uses the children as tools to harass and keep everybody upset. He upsets the children. He expresses his anger in front of the children and puts them in the middle.... He's kept the children [beyond his periods of possession] and he's also split them up.

There was testimony that during one transfer, appellant became violent and pushed appellee's sister in order to get to one of the children. There was much testimony that the children were distressed by appellant's confrontations with appellee, and that appellant insisted on separating the boys even when he was aware that it was upsetting them. The jury heard that in preparation for trial, appellant took the boys to several therapists in order to have the older boy verbalize repeatedly his preference for his father. There was evidence of appellant's disparaging attitude toward appellee, from which the jury could have inferred that appellant subordinated the welfare of the children to his own desire for custody. Additionally, there was evidence that appellee provided a good home, properly cared for the children, and that the boys loved her.

■ We find that there was legally sufficient evidence to support the jury's verdict that the retention of appellant as one of two joint managing conservators was injurious to the welfare of the children. *Terrett v. Wagenor*, 613 S.W.2d 308 (Tex.Civ. App.—Fort Worth 1981, no writ).[1] We also find that there was legally sufficient evidence to support the jury's determinations that the appointment of appellee as sole managing conservator would be a positive improvement, while the appointment of appellant would not.

Appellant's ninth and twelfth points of error are overruled, and the legal insufficiency contentions contained in appellant's tenth, eleventh, and thirteenth points of error are overruled.

We next consider appellant's contentions that the evidence was factually insufficient to support the jury's findings that the joint conservatorship was injurious and that the appointment of appellee as sole managing conservator would be a positive improvement, while the appointment of appellant would not. In determining factual sufficiency, this Court must consider and weigh all of the evidence in the case. Only if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust, will these points of error be sustained and a new trial ordered. *In re King's Estate*, 150 Tex. at 664, 244 S.W.2d at 661.

The traditional analysis of factual sufficiency is awkward in joint custody modifications, and we are obliged to recommend that the legislature enact a more appropriate statute relating to joint managing conservatorships. If the *joint* conservatorship is found to be injurious to the children, it does not necessarily follow that *each* joint conservator, when considered independently, is an inadequate parent. The trier of fact must decide which parent will be sole managing conservator.

In the instant cause, the jury had to choose between two good parents. The undisputed testimony shows that both parties are hard working and decent people, who not only love the children but are willing to make sacrifices to give them a good life. Because each works, appellant depends on his mother and appellee depends on a licensed day-care center to care for the children during the day. Appellee moved several times to better the children's environment; appellant also renovated a family home and moved into it. Appellee keeps pets for the children; appellant con-

---

**1.** One Michigan trial court, in order to eliminate the injurious effects of a similar joint conservatorship, required the parents to be the ones who move in and out of the house, leaving the children in one location. Wicoff, *Joint Conservatorship*, 22 Houston Lawyer at 15 n. 11. Such an arrangement is preferable—conditioned upon financial means—where the parents assert their belief that rotating between habitations is a healthy environment for a human being. *See also* Baron, *Joint Managing Conservatorship: Why Texas Courts Should Not Permit It*, 28 S.Tex.L.Rev. 379 (1987).

tends that they exacerbate the children's allergies. There was evidence that appellant's parents love appellee, but that appellee's parents are critical of appellant outside of the children's presence.

Both parties dated other people. Appellant contends that the children do not like it when appellee's boyfriend bathes them; however, he maintains that his relationship with his girlfriend benefits the children. In fact, the evidence showed that the children's relationships with their parent's friends were not as important as the treatment the parties displayed toward each other.

The court-appointed psychologist testified that, while appellant provided more security, appellee provided more nurturing. It was his opinion that appellee should have custody. Experts hired by appellant recommended that he have custody, their testimony being in part based on statements elicited from the older child. It was the court-appointed psychologist's opinion that appellant "programmed" the child to prefer that appellant get custody. The Family Court Services investigator, also appointed by the court, recommended that appellee be given sole custody of the boys.

The most significant evidence weighing against appellant's position was that he repeatedly encouraged the children to choose between their parents. This was illustrated by confrontations during the exchange of the children, when he included them in a telephone conversation in which he suggested that the appellee agreed to his retention of the children, confrontations in the courthouse during a writ proceeding, and the repeated pretrial psychological interviews with appellant's expert witnesses.

After reviewing all of the evidence in the case, we cannot find that the jury's answers were so against the great weight of the evidence as to be manifestly unjust that: 1) the joint managing conservatorship was injurious; 2) it would be a positive improvement to appoint appellee the sole managing conservator; but 3) that it would not be a positive improvement to so appoint appellant. *See Doyen v. Doyen*, 713 S.W.2d 370 (Tex.App.—Beaumont 1986, no

writ). The evidence as to whether it would be a positive improvement to appoint appellant sole managing conservator was close; but the jury's verdict was not against the great weight and preponderance of the evidence.

Appellant's factual insufficiency contentions found in points of error 8, 10, 11, and 13 are overruled.

Appellant's fourteenth point of error reiterates and reurges the preceding "no evidence" and "insufficient evidence" points of error, and is overruled.

Appellant's fifteenth point of error contends that the trial court erred in excluding a tape-recorded telephone conversation between the parties. Appellant argues that the recording was admissible and that it would have justified a different result in the case.

To obtain reversal of a judgment based upon the erroneous exclusion of evidence, appellant must first show that the trial court's determination was in fact error and, second, that the error was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *Hernandez v. Hernandez*, 611 S.W.2d 732, 737 (Tex.Civ.App.—San Antonio 1981, no writ). Reversible error is not ordinarily shown in connection with rulings on questions of evidence unless the whole case turns on the particular evidence excluded. *Atlantic Mutual Insurance Co. v. Middleman*, 661 S.W.2d 182 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

Appellee testified that appellant had previously kept the children beyond his possessory period, and that she was forced to bring a writ in order to enforce her own period of possession. On rebuttal, appellant attempted to explain that appellee permitted the children to remain with him. He told the jury that appellee was "repeatedly telling [the children] she wanted them to be happy, that they could stay with daddy as long as they wanted to." He also told the jury that he recorded such a phone conversation with appellee, during which the children were also on the line.

Later, outside the jury's presence, appellant related the contents of the taped conversation. Because the jury heard substantially all of the conversation from appellant, at least insofar as this record reflects the contents of the tape, there was no harm. We do not find that exclusion of the tape recording itself was so significant as to cause, and probably did cause, the rendition of an improper judgment. *Howard v. Faberge, Inc.*, 679 S.W.2d 644 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Otto v. Otto*, 438 S.W.2d 587 (Tex. Civ.App.—San Antonio 1969, no writ). Appellant's fifteenth point of error is overruled.

The judgment of the trial court is affirmed.