Monica Murray v. Cornelius Pappion















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-082-CV

     MONICA MURRAY,
                                                                         Appellant
     v.

     CORNELIUS PAPPION,
                                                                         Appellee
 

From the 301st District Court
Dallas County, Texas
Trial Court # 92-15407-T
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Murray appeals from an order of the trial court denying her motion to modify
the sole managing conservatorship of her seven year old son.
      In 1989, Appellant, age 18, began dating appellee Cornelius Pappion, age 23. As a result
of their relationship, Ethan Pappion was born September 6, 1991. The trial court appointed
appellant as managing conservator of the child and appellee as possessory conservator on
August 24, 1993. In June 1998, appellant married Scott Murray. On August 11, 1998, the
trial court granted a motion to modify filed by appellee and appointed him managing
conservator. On September 14, 1998, appellant filed a motion to modify seeking appointment
as managing conservator of her son. Trial was on August 27, 1999, resulting in denial of
appellant’s motion to modify.
      Appellant appeals on one issue: “Whether the trial court abused its discretion and
committed error in denying appellant’s motion to modify the sole managing conservatorship of
the minor child herein.”
      Section 156.101 Texas Family Code: Grounds for Modification of Sole Managing
Conservatorship provides:
            (a)  The Court may modify an order that designates a sole managing conservator of a
child of any age if:
                  (1)  the circumstances of a child, the sole managing conservator, possessory
conservator, or other party affected by the order have materially and
substantially changed since the date of the rendition of the order, and
                  (2)  the appointment of the new sole managing conservator would be a positive
improvement for the child.
      The trial court has broad discretion in deciding the issue of modification and its judgment
will not be reversed except on a clear showing of abuse of discretion. Doyan v. Doyan, 713
S.W.2d 370, 372 (Tex. App.—Beaumont 1986, no writ); Jeffers v. Wallace, 615 S.W.2d 252,
253 (Tex. App.—Dallas 1981, no writ); Herrera v. Herrera, 409 S.W.2d 395, 396 (Tex.
1966).
      A trial court as the trier of fact, is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Hatteberg v. Hatteberg, 933 S.W.2d 522, 530 (Tex.
App.—Houston [1st Dist.] 1994, no writ); Taylor v. Meek, 276 S.W.2d 787, 790 (Tex. 1955);
McGallard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986).
      Abuse of discretion is determined by whether the court acted without reference to any
guiding principles, in other words, whether the act was arbitrary or unreasonable. Craddock
v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939); Worford v. Worford, 801 S.W.2d
108, 109 (Tex. 1990).
      In this case, no findings of fact or conclusions of law were requested or filed. It is
therefore implied that the trial court made all findings necessary to support its judgment. 
Worford, supra, p. 109.
      The child was born in September 1991; Appellant was appointed managing conservator in
August 1993; Appellant married Scott Murray in June 1998; Appellee was appointed managing
conservator in August 1998; and in September 1998, appellant filed this motion to modify. 
Trial was had in August 1999, resulting in denial of appellant’s motion.
      Appellant contends the trial court abused its discretion in not granting her motion to
modify; that the circumstances of the child have materially and substantially changed since the
August 1998 order granting appellee managing conservatorship; and that appointment of
appellant would be a positive improvement for the child.
      Appellant asserts that she has proved the existence of a change of circumstances. She
asserts there is evidence the child has grown angry and defiant, suffers mood swings and acts
out at school since living with appellee. However, the evidence also shows that as early as two
years before the August 1998 order, the child had begun a pattern of aggressiveness at school,
and that he had begun acting out as early as preschool. There is also evidence the child
showed signs of depression prior to appellee’s obtaining custody.
      Appellant asserts her now stable marriage to Mr. Murray provides better living conditions
for the child. But appellant and Murray were married prior to the August 1998 order. As
such, no material or substantial change exists because of this fact.
      Appellant, citing Dr. Goldman’s report (a psychiatrist employed by appellant), asserts
appellee is not consistent with “follow through.” Nevertheless, Dr. Goldman’s report reflects
that the child’s behavior has improved.
      Appellant asserts the child has been tardy for school many times since living with appellee
after the August 1998 order. However, the child’s teachers report that his attendance was
average to above average.
      Appellant contends that evidence of recent ecopresis (inability to control bowels) results
from stress and anxiety and is a change in circumstances. There is evidence that the child has
no problems controlling his bowels. However, even if he did, this does not necessarily
constitute a material and substantial change in the child’s circumstances.
      The record contains much evidence that the child had significant problems prior to the
August 1998 order. The trial court presumed finding that there had been no change was not
arbitrary, unreasonable, or an abuse of discretion.
      Appellant contends she has proven that her appointment as new managing conservator of
the child would be a positive improvement for the child. She asserts that her stable marriage to
Scott Murray, that the fact she and Mr. Murray have had a baby, and that Dr. Goldman is of
the opinion the child would be better off going back to her custody establishes this. There is
also evidence that the contrary is true. Additionally, the trial court did not have to believe Dr.
Goldman. Dr. Goldman based his testimony and report on his interview with appellant and the
child. He never spoke with appellee and testified he had done only one child custody
evaluation prior to this case.
      Under the authorities cited, the trial court was authorized to believe that appellant had not
proven that a material and substantial change of circumstances had occurred since rendition of
the August 1998 order, or that the appointment of appellant as managing conservator would be
a positive improvement for the child.
      The trial court did not abuse its discretion in denying the motion to modify.
      The order of the trial court is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 6, 2000
Do not publish