TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00273-CV






Megan Olivia Delaney, Appellant



v.



Randy Ray Scheer, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 98-1495-F368-FC2, HONORABLE ROBERT F. B. "SKIP" MORSE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 This is an appeal from the modification of a child custody order. The father of the
child, Randy Ray Scheer, sued his ex-wife to modify the joint managing conservatorship of their
daughter established in the couple's divorce decree. Scheer asked the court to grant him sole
authority to determine the primary residence of the child. The child's mother, Megan Olivia
Delaney, counter-sued to be named sole managing conservator, or in the alternative, to retain the
joint managing conservatorship but to remove the geographic restriction limiting the child's
residence to within fifty miles of the state capitol. Both parties alleged a change in circumstances,
as well as the unworkability of the previous order, as predicates for modification. The case was
submitted to a jury which found that the joint managing conservatorship should continue and that
Scheer should determine the primary residence of the child. Judgment was entered on the verdict. 
Delaney appeals pro se asserting jury charge error. We will affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND


 The parties reached a settlement agreement in their divorce action on March 23, 1999,
but the Agreed Final Divorce Decree was not signed by the court until March 1, 2000. On July 21,
2000, Scheer filed a motion to modify the decree by seeking the exclusive right to determine the
child's primary residence. In his petition, he alleged that the circumstances of the parties had
materially and substantially changed since the rendition of the original order and that the order had
become unworkable or inappropriate under existing circumstances. He also alleged that the
modification he sought would be in the best interests of the child. As a factual basis for
modification, he alleged that Delaney violated the decree by moving the child's residence outside
the geographical restriction imposed by the decree. He also sought the right to determine which day
care facility the child would attend because Delaney had unilaterally changed the child's previously
agreed-upon day care.

 Delaney filed her own counter-petition alleging changed circumstances and
unworkability. She alleged that her appointment as sole managing conservator would be a positive
improvement for and in the best interest of the child. Alternatively, she sought to remain a joint
managing conservator but without the geographical restriction on her right to determine the child's
residence. Subsequently, Delaney filed an amended counter-petition alleging that "there has been
no material and substantial change because [Scheer] alleged that [Delaney] changed her residence
located outside 50 miles radius of Travis County Courthouse [sic] is not true in that she in fact lives
within the 50 mile radius." (1) However, in the same pleading, Delaney alleged that the circumstances
of all the parties had "so materially and substantially changed since the rendition of the order that
it has become unworkable or inappropriate under existing circumstances."

 The case was tried to a jury. Delaney urged the court to submit the following jury
question:


 For the joint managing conservatorship of [the child] to be modified, it must
be proved that the requested modification of . . . is a positive improvement for and
in the best interest of [the child] and the following factors must also be established:


1. The circumstances of [the child] or Megan Delaney [Randy Scheer] [sic] have so
materially and substantially changed since the decree on March 23, 1999 that the
order has become unworkable or inappropriate under the circumstances.


QUESTION:


 Has the joint managing conservatorship of [the child], Randy Ray Scheer and
Megan Delaney materially and substantially changed since the rendition of the March
23, 1999 Decree of Divorce that the order has become unworkable or inappropriate
under the circumstances?


Answer: _____________



The court refused to submit Delaney's tendered jury question. Instead, the trial court submitted to
the jury the following question:


Question # 1


 For the joint managing conservatorship of [the child] to be replaced by a sole
managing conservatorship, it must be proved that the appointment of a sole managing
conservator would be a positive improvement for and in the best interest of [the
child], and one of the following three factors must also be established:


1. [the child]'s present living environment may endanger [the child]'s physical
health or significantly impair [the child]'s emotional development, or 


2. there has been a substantial and unexcused violation of the terms and conditions
established in the existing conservatorship order, or 


3. the circumstances of [the child], Megan Delaney or of Randy Ray Scheer have
so materially and substantially changed since the decree of divorce entered March
23, 1999, that the order has become unworkable or inappropriate under the
circumstances.


QUESTION:


 Should the joint managing conservatorship be replaced by a sole managing
conservatorship of the child . . . ?



The jury found that the joint managing conservatorship of the child should not be replaced with a
sole managing conservatorship and that Scheer, rather than Delaney, should have the right to
determine the primary residence of the child. Delaney brings this appeal.


DISCUSSION


 On appeal, Delaney does not challenge the jury's findings on any of the issues
submitted. She complains only of the trial court's failure to submit her requested jury question. She
argues that by refusing her submission, the trial court improperly failed to charge the jury on
Scheer's burden to prove the changed circumstances of the parties in order to obtain a modification. 
Delaney's argument fails for several reasons: (1) she did not preserve error; (2) the court adequately
charged the jury on the various claims; (3) Delaney judicially admitted the element of proof she
contends the trial court failed to submit; and (4) she failed to bring forth a sufficient record for a
harmless error evaluation.


Inadequate Objection to Preserve Error

 We find that Delaney failed to preserve the error of which she complains. The
objection to the charge that she lodged below was inadequate to advise the trial court of the grounds
for the objection. Further, the objection she made at trial does not match the objection Delaney urges
on appeal. Her lawyer objected only generally at trial to the refusal to submit her tendered question. 
Her lawyer went on to object because "it should be [the child]'s living environment at the time that
this motion was filed, not her present living environment where she is presently living today. But
where she was living at the time of the divorce and at the time that his motion was filed." There
were no other objections made to the charge. On appeal, Delaney complains that the court refused
"to submit a question to the jury on whether there had been a material and substantial change in
circumstance of the parties or the child before finding that the conservatorship of the child could be
modified." She does not now complain about the period of time referenced in of the jury question,
which was her lawyer's objection at trial.

 To preserve error in the charge, a party must make the trial court aware of the
complaint in plain terms and secure a ruling in a timely manner. State Dep't of Highways & Public
Transp. v. Payne, 838 S.W.2d 235, 240 (Tex. 1992); Schlafly v. Schlafly, 33 S.W.3d 863, 867 (Tex.
App.--Houston [14th Dist.] 2000, no pet.). The objecting party must articulate distinctly the error
and the grounds for the objection. Keetch v. Kroger Co., 845 S.W.2d 262, 267 (Tex. 1992). 
Delaney's objection in the trial court was so vague that it preserved nothing for review. It is not clear
from the record that the trial court understood either the substance of Delaney's objection or to which
question the objection was directed. Because Delaney did not clearly articulate her objection to the
court's charge, her complaint on appeal about the court's charge was not preserved. An appellant
cannot raise a specific point of error for the first time on appeal. Operation Rescue-Nat'l v. Planned
Parenthood, 975 S.W.2d 546, 569 (Tex. 1998). Even had she preserved her complaint, we would
nonetheless affirm the judgment for the reasons addressed below.


No Abuse of Discretion in Jury Charge

 A trial court has broad discretion in submitting jury questions. Roy v. Howard-Glendale Funeral Home, 820 S.W.2d 844, 846 (Tex. App.--Houston [1st Dist.] 1991, writ denied). 
In determining whether the trial court erred in refusing to submit appellant's requested jury question,
the appellate court reviews the ruling for an abuse of discretion. In re Lynch, 35 S.W.3d 162, 165
(Tex. App.--Texarkana 2000, no pet.). The trial court is obliged to submit a jury charge that fairly
presents the disputed issues to the jury for determination. Tex. R. Civ. P. 277; Blonstein v.
Blonstein, 831 S.W.2d 468, 471 (Tex. App.--Houston [14th Dist.] 1992), writ denied, 848 S.W.2d
82 (Tex. 1992) (per curiam).

 This case was tried under the 1999 version of the family code. (2) At the time this case
was submitted to the jury, section 156.202 of the family code permitted the court to modify the terms
of the joint managing conservatorship if:


(1) (A) The circumstances of the child or of one or both of the joint managing
conservators have materially and substantially changed since the rendition
of the order; or

 (B) the order has become unworkable or inappropriate under existing
circumstances; and 



 a modification of the terms and conditions of the order would be a positive
improvement for and in the best interest of the child.




Act of May 23, 1987, 70th Leg., R.S., ch. 744, § 9, 1987 Tex. Gen. Laws 2666, 2671, eff. September
1, 1987, repealed by Act of May, 22, 2001, 77th Leg., R.S., ch. 1289, 12(1), 2001 Tex. Gen. Laws
3108, 3111, eff. Sept. 1, 2001. Under this version of the family code, a joint managing
conservatorship could be modified if (1) the requested change would be a positive improvement for
the child; (2) the change was in the best interest of the child; and either (3) the prior order was
unworkable or (4) the prior order was inappropriate under existing circumstances. See id.; Echols
v. Olivarez, 85 S.W.3d 475, 478 (Tex. App.--Austin 2002, no pet.). To be entitled to a
modification, a party need not establish a change of circumstances, if the unworkability of the prior
order is otherwise established.

 In 1999, the court could replace a joint managing conservatorship with a sole
managing conservatorship, as requested by Delaney, only if:


(1) (A) the child's present living environment may endanger the child's health or
significantly impair the child's emotional development;



 there has been a substantial and unexcused violation of the terms and
conditions established in the existing conservatorship order; or

 the circumstances of the child or of one or both of the joint managing
conservators have so materially and substantially changed since the rendition
of the order that it has become unworkable or inappropriate under existing
circumstances; and 



(2) the appointment of a sole managing conservator would be a positive
improvement for and in the best interests of the child.


Act May 23, 1987, 70th Leg. R.S., ch. 744, § 9, 1987 Tex. Gen. Laws 2666, 2671, eff. Sept. 1, 1987,
repealed by Act of May 22, 2001, 77th Leg., R.S., ch. 1289, § 12(2), 2001 Tex. Gen. Laws 3108,
3111, eff. Sept. 1, 2001 (formerly section 156.203). 

 Delaney complains that the question submitted by the court inquired whether she or
Scheer should be named sole managing conservator when Scheer had not asked to be named sole
managing conservator. Therefore, she claims, it was error to have asked the jury which parent
should be named sole managing conservator.

 The first question submitted by the court asked the jury whether the joint managing
conservatorship should be replace with a sole managing conservatorship. The jury answered "no." 
The second question submitted was contingent on an affirmative answer to the preceding question. 
Because the jury failed to find that a sole managing conservator should be named, the jury never
considered the objected-to question.

 The legal claims of both Delaney and Scheer were fairly submitted to the jury. The
jury found against Delaney on her suit for sole managing conservatorship. She does not contend on
appeal that the jury's failure to find in her favor is against the great weight of the evidence. Scheer
sought to maintain the joint managing conservatorship but asked that he be granted sole authority
to decide the primary residence of the child. (3) We hold that the jury questions submitted by the trial
court were consistent with both of the governing provisions of the family code; the trial court did not
abuse its discretion in submitting the jury charge in this case.

Judicial Admission

 In addition, the trial court did not err in submitting the issue of changed
circumstances. Delaney judicially admitted the element of changed circumstances in her pleadings. 
One part of her amended pleading denied that there was a material and substantial change in
circumstances of the parties or that the prior order had become unworkable or inappropriate in
connection with Scheer's claim. However, in the portion of her pleading where she asked to be
named sole managing conservator, she alleged changed circumstances of the parties and
unworkability of the order.

 The circumstances of the parties either materially and substantially changed or they
did not. The prior order either was unworkable or it was not. Delaney essentially argues that there
were certain changed circumstances that supported her request to be named sole managing
conservator, but these were not the same changed circumstances alleged by Scheer. The evidentiary
test to satisfy the statutory elements of either changed circumstances or unworkability are the same
under both statutory provisions. Proof establishing an element under one section satisfies the
common element under the other section.

 Delaney's and Scheer' modification claims contained common, essential elements. 
Each required proof of the changed circumstances of one or more of the parties or the unworkability
or inappropriateness of the prior order. (4) The law is clear that one party's allegation of these essential
elements in a pleading for sole managing conservatorship constitutes a judicial admission of those
same essential elements of a claim for modification of a joint managing conservatorship. See, e.g., 
Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 305 (Tex. App.--Houston [14th Dist.] 1995, no writ); 
Thompson v. Thompson, 827 S.W.2d 563, 566 (Tex. App.--Corpus Christi 1992, writ denied); 
Baucom v. Crews, 819 S.W.2d 628, 631 (Tex. App.--Waco 1991, no writ); Roach v. Roach, 735
S.W.2d 479, 482-83 (Tex. App.--Houston [1st Dist.] 1987, no writ).

 In response, Delaney argues that she did not judicially admit the common elements
of Scheer's claim because they each alleged different causes of actions for which different elements
of proof were required, and she cites Snider v. Gray, 688 S.W.2d 602, 606 n.3 (Tex. App.--Corpus
Christi 1985, writ dism'd), to support her argument. To the extent Snider supports her position, we
decline to follow it. 

 Furthermore, Delaney's testimony at trial conclusively established both changed
circumstances and unworkability, either of which was sufficient to support the modification in 
Scheer's favor. She testified at length about the hostility between her and Scheer since the divorce;
that Scheer refused to communicate with her regarding the child; that the day care facility the parties
had initially agreed to use had unexpectedly closed; that Scheer had remarried; and that Delaney had
moved her residence. This testimony alone was sufficient to establish both changed circumstances
and that the prior order had become unworkable or inappropriate under existing circumstances.


Failure to Show Harmful Error

 Finally, Delaney's complaint must fail even if we assume, for the sake of argument,
that there was charge error. Delaney brought forth an incomplete reporter's record. The reporter's
record filed in this cause contains only the testimony of Delaney and omits all other witnesses. 
Without a complete reporter's record, an appellate court presumes the omitted evidence supports the
judgment. Protechnics Int'l, Inc. v. Tru-Tag Sys., Inc., 843 S.W.2d 734, 735 (Tex. App.--Houston
[14th Dist.] 1992, no writ); E.B. v. Tex. Dep't of Human Servs., 766 S.W.2d 387, 388 (Tex.
App.--Austin 1989), rev'd on other grounds, 802 S.W.2d 647 (Tex. 1990). The lack of a complete
record prevents the this Court from determining whether error is reversible within the context of the
entire case. Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990).

 For all the foregoing reasons, Delaney's appellate issue is overruled.


CONCLUSION


 Finding no reversible error, we affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before: Justices Kidd, B. A. Smith and Yeakel 

Affirmed

Filed: February 6, 2003

1. Apparently, Delaney measured the distance "as the crow files," and Scheer measured the 
distance by the roadways.
2. The current version of the family code, encompassing the 2001 changes to chapter 156,
addressing modification of conservatorship, took effect on September 1, 2001. The 1999 version
of chapter 156 applied to all custody suits filed on or after September 1, 1999, and until the 2001
changes took effect on September 1, 2001. The jury charge was submitted under the 1999 version
of the family code and the verdict was returned on August 29, 2001, prior to the effective date of the
2001 changes.. 
3. The third jury question submitted Scheer's claim. It asked "[w]hich joint managing
conservator should have the exclusive right to determine the primary residence of the child." 
Delaney did not object to the submission of this jury question, and she did not challenge the jury's
answer to it on appeal.
4. A party seeking a change in custody need only plead and prove the changed circumstances
of one of the parties affected by the prior order. See McGuire v. McGuire, 4 S.W.3d 382, 387 (Tex.
App.--Houston [1st Dist.] 1999, no pet.) (holding husband who proved his own circumstances had
changed did not have to also prove changed circumstances of child).