# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00273-CV

### Megan Olivia Delaney, Appellant

### v.

### Randy Ray Scheer, Appellee

**FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY**
**NO. 98-1495-F368-FC2, HONORABLE ROBERT F. B. "SKIP" MORSE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the modification of a child custody order. The father of the child, Randy Ray Scheer, sued his ex-wife to modify the joint managing conservatorship of their daughter established in the couple=s divorce decree. Scheer asked the court to grant him sole authority to determine the primary residence of the child. The child=s mother, Megan Olivia Delaney, counter-sued to be named sole managing conservator, or in the alternative, to retain the joint managing conservatorship but to remove the geographic restriction limiting the child=s residence to within fifty miles of the state capitol. Both parties alleged a change in circumstances, as well as the unworkability of the previous order, as predicates for modification. The case was submitted to a jury which found that the joint managing conservatorship should continue and that Scheer should determine the primary residence of the child. Judgment was entered on the verdict. Delaney appeals *pro se* asserting jury charge error. We will affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties reached a settlement agreement in their divorce action on March 23, 1999, but the Agreed Final Divorce Decree was not signed by the court until March 1, 2000. On July 21, 2000, Scheer filed a motion to modify the decree by seeking the exclusive right to determine the child=s primary residence. In his petition, he alleged that the circumstances of the parties had materially and substantially changed since the rendition of the original order and that the order had become unworkable or inappropriate under existing circumstances. He also alleged that the modification he sought would be in the best interests of the child. As a factual basis for modification, he alleged that Delaney violated the decree by moving the child=s residence outside the geographical restriction imposed by the decree. He also sought the right to determine which day care facility the child would attend because Delaney had unilaterally changed the child=s previously agreed-upon day care.

Delaney filed her own counter-petition alleging changed circumstances and unworkability. She alleged that her appointment as sole managing conservator would be a positive improvement for and in the best interest of the child. Alternatively, she sought to remain a joint managing conservator but without the geographical restriction on her right to determine the child=s residence. Subsequently, Delaney filed an amended counter-petition alleging that Athere has been no material and substantial change because [Scheer] alleged that [Delaney] changed her residence located outside 50 miles radius of Travis County Courthouse [sic] is not true in that she in fact lives within the 50 mile radius.@[1] However, in the same pleading, Delaney alleged that the circumstances of all the parties had Aso materially and substantially changed since the rendition of the order that it has become unworkable or inappropriate under existing circumstances.@

---

[1] Apparently, Delaney measured the distance Aas the crow files,@ and Scheer measured the

**2**

The case was tried to a jury. Delaney urged the court to submit the following jury question:

For the joint managing conservatorship of [the child] to be modified, it must be proved that the requested modification of . . . is a positive improvement for and in the best interest of [the child] and the following factors must also be established:

1. The circumstances of [the child] or Megan Delaney [Randy Scheer] [sic] have so materially and substantially changed since the decree on March 23, 1999 that the order has become unworkable or inappropriate under the circumstances.

QUESTION:

Has the joint managing conservatorship of [the child], Randy Ray Scheer and Megan Delaney materially and substantially changed since the rendition of the March 23, 1999 Decree of Divorce that the order has become unworkable or inappropriate under the circumstances?

Answer: _____

The court refused to submit Delaney=s tendered jury question. Instead, the trial court submitted to the jury the following question:

Question # 1

For the joint managing conservatorship of [the child] to be replaced by a sole managing conservatorship, it must be proved that the appointment of a sole managing conservator would be a positive improvement for and in the best interest of [the child], and one of the following three factors must also be established:

1. [the child]=s present living environment may endanger [the child]=s physical health or significantly impair [the child]=s emotional development, or

_____

distance by the roadways.

2. there has been a substantial and unexcused violation of the terms and conditions established in the existing conservatorship order, or

3. the circumstances of [the child], Megan Delaney or of Randy Ray Scheer have so materially and substantially changed since the decree of divorce entered March 23, 1999, that the order has become unworkable or inappropriate under the circumstances.

QUESTION:

Should the joint managing conservatorship be replaced by a sole managing conservatorship of the child . . . ?

The jury found that the joint managing conservatorship of the child should not be replaced with a sole managing conservatorship and that Scheer, rather than Delaney, should have the right to determine the primary residence of the child. Delaney brings this appeal.

**DISCUSSION**

On appeal, Delaney does not challenge the jury=s findings on any of the issues submitted. She complains only of the trial court=s failure to submit her requested jury question. She argues that by refusing her submission, the trial court improperly failed to charge the jury on Scheer=s burden to prove the changed circumstances of the parties in order to obtain a modification. Delaney=s argument fails for several reasons: (1) she did not preserve error; (2) the court adequately charged the jury on the various claims; (3) Delaney judicially admitted the element of proof she contends the trial court failed to submit; and (4) she failed to bring forth a sufficient record for a harmless error evaluation.

**Inadequate Objection to Preserve Error**

We find that Delaney failed to preserve the error of which she complains. The objection to the charge that she lodged below was inadequate to advise the trial court of the grounds for the objection. Further, the objection she made at trial does not match the objection Delaney urges on appeal. Her lawyer objected only generally at trial to the refusal to submit her tendered question. Her lawyer went on to object because Ait should be [the child]=s living environment at the time that this motion was filed, not her present living environment where she is presently living today. But where she was living at the time of the divorce and at the time that his motion was filed.@ There were no other objections made to the charge. On appeal, Delaney complains that the court refused Ato submit a question to the jury on whether there had been a material and substantial change in circumstance of the parties or the child before finding that the conservatorship of the child could be modified.@ She does not now complain about the period of time referenced in of the jury question, which was her lawyer=s objection at trial.

To preserve error in the charge, a party must make the trial court aware of the complaint in plain terms and secure a ruling in a timely manner. *State Dep=t of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 240 (Tex. 1992); *Schlafly v. Schlafly*, 33 S.W.3d 863, 867 (Tex. App.CHouston [14th Dist.] 2000, no pet.). The objecting party must articulate distinctly the error and the grounds for the objection. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 267 (Tex. 1992). Delaney=s objection in the trial court was so vague that it preserved nothing for review. It is not clear from the record that the trial court understood either the substance of Delaney=s objection or to which question the objection was directed. Because Delaney did not clearly articulate her objection to the court=s charge, her complaint on appeal

**5**

about the court=s charge was not preserved.  An appellant cannot raise a specific point of error for the first time on appeal.  *Operation Rescue-Nat=l v. Planned Parenthood*, 975 S.W.2d 546, 569 (Tex. 1998).  Even had she preserved her complaint, we would nonetheless affirm the judgment for the reasons addressed below.

**No Abuse of Discretion in Jury Charge**

A trial court has broad discretion in submitting jury questions.  *Roy* v. *Howard-Glendale Funeral Home*, 820 S.W.2d 844, 846 (Tex. App.C Houston [1st Dist.] 1991, writ denied).  In determining whether the trial court erred in refusing to submit appellant=s requested jury question, the appellate court reviews the ruling for an abuse of discretion.  *In re Lynch*, 35 S.W.3d 162, 165 (Tex. App.C Texarkana 2000, no pet.).  The trial court is obliged to submit a jury charge that fairly presents the disputed issues to the jury for determination.  Tex. R. Civ. P. 277; *Blonstein v. Blonstein*, 831 S.W.2d 468, 471 (Tex. App.C Houston [14th Dist.] 1992), *writ denied*, 848 S.W.2d 82 (Tex. 1992) (per curiam).

This case was tried under the 1999 version of the family code.[2]  At the time this case was submitted to the jury, section 156.202 of the family code permitted the court to modify the terms of the joint managing conservatorship if:

---

[2]  The current version of the family code, encompassing the 2001 changes to chapter 156, addressing modification of conservatorship, took effect on September 1, 2001.  The 1999 version of chapter 156 applied to all custody suits filed on or after September 1, 1999, and until the 2001 changes

(1) (A) The circumstances of the child or of one or both of the joint managing conservators have materially and substantially changed since the rendition of the order; or

(B) the order has become unworkable or inappropriate under existing circumstances; and

(2) a modification of the terms and conditions of the order would be a positive improvement for and in the best interest of the child.

Act of May 23, 1987, 70th Leg., R.S., ch. 744, ' 9, 1987 Tex. Gen. Laws 2666, 2671, eff. September 1, 1987, *repealed by* Act of May, 22, 2001, 77th Leg., R.S., ch. 1289, 12(1), 2001 Tex. Gen. Laws 3108, 3111, eff. Sept. 1, 2001. Under this version of the family code, a joint managing conservatorship could be modified if (1) the requested change would be a positive improvement for the child; (2) the change was in the best interest of the child; and either (3) the prior order was unworkable or (4) the prior order was inappropriate under existing circumstances. *See id.*; *Echols v. Olivarez*, 85 S.W.3d 475, 478 (Tex. App.CAustin 2002, no pet.). To be entitled to a modification, a party need not establish a change of circumstances, if the unworkability of the prior order is otherwise established.

In 1999, the court could replace a joint managing conservatorship with a sole managing conservatorship, as requested by Delaney, only if:

(1) (A) the child=s present living environment may endanger the child=s health or significantly impair the child=s emotional development;

---

took effect on September 1, 2001. The jury charge was submitted under the 1999 version of the family code and the verdict was returned on August 29, 2001, prior to the effective date of the 2001 changes..

(B) there has been a substantial and unexcused violation of the terms and conditions established in the existing conservatorship order; or

(C) the circumstances of the child or of one or both of the joint managing conservators have so materially and substantially changed since the rendition of the order that it has become unworkable or inappropriate under existing circumstances; and

(2) the appointment of a sole managing conservator would be a positive improvement for and in the best interests of the child.

Act May 23, 1987, 70th Leg. R.S., ch. 744, ' 9, 1987 Tex. Gen. Laws 2666, 2671, eff. Sept. 1, 1987,

*repealed by* Act of May 22, 2001, 77th Leg., R.S., ch. 1289, ' 12(2), 2001 Tex. Gen. Laws 3108, 3111,

eff. Sept. 1, 2001 (formerly section 156.203).

Delaney complains that the question submitted by the court inquired whether she or Scheer should be named sole managing conservator when Scheer had not asked to be named sole managing conservator. Therefore, she claims, it was error to have asked the jury which parent should be named sole managing conservator.

The first question submitted by the court asked the jury whether the joint managing conservatorship should be replace with a sole managing conservatorship. The jury answered Ano.@ The second question submitted was contingent on an affirmative answer to the preceding question. Because the jury failed to find that a sole managing conservator should be named, the jury never considered the objected-to question.

The legal claims of both Delaney and Scheer were fairly submitted to the jury. The jury found against Delaney on her suit for sole managing conservatorship. She does not contend on appeal that the jury=s failure to find in her favor is against the great weight of the evidence. Scheer sought to maintain the joint managing conservatorship but asked that he be granted sole authority to decide the primary

residence of the child.[3]  We hold that the jury questions submitted by the trial court were consistent with both of the governing provisions of the family code; the trial court did not abuse its discretion in submitting the jury charge in this case.

**Judicial Admission**

In addition, the trial court did not err in submitting the issue of changed circumstances. Delaney judicially admitted the element of changed circumstances in her pleadings.  One part of her amended pleading denied that there was a material and substantial change in circumstances of the parties or that the prior order had become unworkable or inappropriate in connection with Scheer=s claim.  However, in the portion of her pleading where she asked to be named sole managing conservator, she alleged changed circumstances of the parties and unworkability of the order.

The circumstances of the parties either materially and substantially changed or they did not. The prior order either was unworkable or it was not.  Delaney essentially argues that there were certain changed circumstances that supported her request to be named sole managing conservator, but these were not the *same* changed circumstances alleged by Scheer.  The evidentiary test to satisfy the statutory elements of either changed circumstances or unworkability are the same under both statutory provisions. Proof establishing an element under one section satisfies the common element under the other section.

---

[3] The third jury question submitted Scheer=s claim.  It asked A[w]hich joint managing conservator should have the exclusive right to determine the primary residence of the child.@ Delaney did not object to the submission of this jury question, and she did not challenge the jury=s answer to it on appeal.

Delaney=s and Scheer= modification claims contained common, essential elements. Each required proof of the changed circumstances of one or more of the parties or the unworkability or inappropriateness of the prior order.[4] The law is clear that one party=s allegation of these essential elements in a pleading for sole managing conservatorship constitutes a judicial admission of those same essential elements of a claim for modification of a joint managing conservatorship. *See, e.g.*, *Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex. App.CHouston [14th Dist.] 1995, no writ); *Thompson v. Thompson*, 827 S.W.2d 563, 566 (Tex. App.CCorpus Christi 1992, writ denied); *Baucom v. Crews*, 819 S.W.2d 628, 631 (Tex. App.CWaco 1991, no writ); *Roach v. Roach*, 735 S.W.2d 479, 482-83 (Tex. App.CHouston [1st Dist.] 1987, no writ).

In response, Delaney argues that she did not judicially admit the common elements of Scheer=s claim because they each alleged different causes of actions for which different elements of proof were required, and she cites *Snider v. Gray*, 688 S.W.2d 602, 606 n.3 (Tex. App.CCorpus Christi 1985, writ dism=d), to support her argument. To the extent *Snider* supports her position, we decline to follow it.

Furthermore, Delaney=s testimony at trial conclusively established both changed circumstances and unworkability, either of which was sufficient to support the modification in Scheer=s favor. She testified at length about the hostility between her and Scheer since the divorce; that Scheer refused to communicate with her regarding the child; that the day care facility the parties had initially agreed to use had unexpectedly closed; that Scheer had remarried; and that Delaney had moved her residence.

_____

[4] A party seeking a change in custody need only plead and prove the changed circumstances of one of the parties affected by the prior order. *See McGuire v. McGuire*, 4 S.W.3d 382, 387 (Tex. App.CHouston [1st Dist.] 1999, no pet.) (holding husband who proved his own circumstances had

**10**

This testimony alone was sufficient to establish both changed circumstances and that the prior order had become unworkable or inappropriate under existing circumstances.

**Failure to Show Harmful Error**

Finally, Delaney=s complaint must fail even if we assume, for the sake of argument, that there was charge error. Delaney brought forth an incomplete reporter=s record. The reporter=s record filed in this cause contains only the testimony of Delaney and omits all other witnesses. Without a complete reporter=s record, an appellate court presumes the omitted evidence supports the judgment. *Protechnics Int=l, Inc. v. Tru-Tag Sys., Inc.*, 843 S.W.2d 734, 735 (Tex. App.CHouston [14th Dist.] 1992, no writ); *E.B. v. Tex. Dep=t of Human Servs.*, 766 S.W.2d 387, 388 (Tex. App.CAustin 1989), *rev=d on other grounds*, 802 S.W.2d 647 (Tex. 1990). The lack of a complete record prevents the this Court from determining whether error is reversible within the context of the entire case. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990).

For all the foregoing reasons, Delaney=s appellate issue is overruled.

## CONCLUSION

Finding no reversible error, we affirm the trial court=s judgment.

---

changed did not have to also prove changed circumstances of child).

Bea Ann Smith, Justice

Before: Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   February 6, 2003

**12**