Opinion filed September 21, 2006



















 
 
  
 
 







 
 
  
 
 




Opinion filed September 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00141-CV 

                                                    __________

 

                                 RUSSELL BRENT CHILD, Appellant

 

                                                             V.

 

                          HILLARY
BRANDISE LEVERTON, Appellee

 



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor County,
Texas

 

                                                 Trial
Court Cause No. 35,607-C

 



 

                                                                   O
P I N I O N

 

This is
an appeal from the trial court=s order denying Russell Brent Child=s motion for enforcement and granting in
part Hillary Brandise Leverton=s petition to modify the parent-child
relationship.  We affirm.








On
September 18, 2002, Child and Leverton entered into a mediated settlement
agreement in their divorce case.  At that
time as well as at the time the trial court entered the decree of divorce,
Leverton and the parties= two children lived in Taylor County.  In accordance with the mediated settlement
agreement, the February 25, 2003 divorce decree contained language restricting
Leverton=s right to establish the legal residence of
the children, A.C. and B.C.  The divorce
decree provides that Leverton shall have the exclusive right:

[T]o determine and establish the children=s legal residence and domicile within
Denton and Taylor Counties, Texas, through May 2003; thereafter, the right to
determine and establish the children=s legal residence and domicile within
Denton and Tarrant Counties, Texas; provided, that determining and establishing
such residence within Tarrant County shall be east of Highway 1220 and north of
Highway 183.

 

On May 15, 2003, Leverton filed a petition to modify the geographical
restrictions in the decree.[1]  On November 17, 2003, Child filed a motion
for enforcement.  He alleged that
Leverton had failed to comply with the divorce decree because she had not
established the children=s residence in either Denton
County or Tarrant County.  
Child asked the trial court to hold Leverton in contempt and to require
Leverton to move the children from Taylor
County to either Denton
or Tarrant County. 
On February 9, 2004, the trial court held a hearing on the motion and
issued its order on March 24, 2004.  The
trial court found that the terms of the order which Child sought to enforce
were Anot
specific enough@ for the
remedy sought.  In its order, the trial
court stated:

[I]t
is in the best interest of the children that the residence restriction as
contained in the Final Decree of Divorce be modified to the extent that any
time requirement for the return of HILLARY BRANDISE LEVERTON be removed.  IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND
DECREED that HILLARY BRANDISE LEVERTON shall be the parent Joint Managing
Conservator with the exclusive right to designate the primary residence of the
children within Taylor and/or Denton and/or Tarrant Counties, Texas, provided
that in determining and establishing such residence within Tarrant County,
Texas, said residence shall be East of Highway 1120 and North of Highway
183.  

 

It is from this order that Child appeals.[2]








In his first point of error, Child argues that the
trial court erred in finding that the order was not specific enough to be
enforced.  In his second point of error,
Child contends that the trial court erred in failing to enforce the provisions
regarding designation of his children=s
residence in Denton or Tarrant Counties.  In his third point of error, Child maintains
that the trial court abused its discretion when it found that there had been a
material and substantial change in circumstances since the date of the
agreement.

We will first address Child=s
third point of error.  We review a  trial court=s
order modifying  conservatorship under an
abuse of discretion standard.  See
Wyatt v. Wyatt, 104 S.W.3d 337 (Tex. App.CDallas
2003, no pet.); see also Jenkins v. Jenkins, 16 S.W.3d 473 (Tex. App.CEl Paso 2000, no pet.).   The test for abuse of discretion is whether
the trial court acted in an arbitrary and unreasonable manner or whether it
acted without reference to any guiding principles.   Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex.
1985).   While legal and factual
sufficiency issues are not independent grounds of error in cases of this
nature, they are factors which can be considered in determining whether an
abuse of discretion has occurred.  In
re T.D.C., 91 S.W.3d 865, 872 (Tex. App.CFort
Worth 2002, pet. denied).          

An appellate court makes a two-prong inquiry when
it determines whether legal or factual insufficiency has resulted in an abuse
of discretion: (1) whether the trial court had sufficient information upon
which it might exercise its discretion and (2) whether the trial court erred
when it applied that discretion.  Id.  The sufficiency review is related to the
first inquiry.  If it is revealed in the
first inquiry that there was sufficient evidence, then we must determine
whether the trial court made a reasonable decision, and that involves a
conclusion that the trial court=s
decision was neither arbitrary nor unreasonable.  Id.

In
analyzing a legal sufficiency or no-evidence issue, an appellate court must
consider the evidence in the light most favorable to the challenged finding and
must indulge every reasonable inference that would support it.  A reviewing court must credit favorable evidence
if a reasonable fact-finder could and disregard contrary evidence unless a
reasonable fact-finder could not.  The
appellate court must determine whether the evidence at trial could enable
reasonable and fair-minded people to find the facts at issue.  A
no-evidence challenge may be sustained only when (1) the record discloses a
complete absence of a vital fact, (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact,
(3) the only evidence offered to prove a vital fact is no more than a mere
scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact. City of Keller v. Wilson,
168 S.W.3d 802 (Tex.
2005).








When we consider legal sufficiency in this context,
if there is any probative evidence which supports the trial court=s finding, then there is no abuse of
discretion.  Bates v. Tesar, 81
S.W.3d 411, 425 (Tex.
App.CEl Paso
2002, no pet.).  This remains true even
though we might have found the issue otherwise; we cannot substitute our
judgment for that of the trial court.  Id.

Child is
also complaining about the factual sufficiency of a finding upon which he did
not have the burden of proof.  An
assertion that the evidence is Ainsufficient@
to support a fact finding means that the evidence supporting the finding is so
weak or the evidence to the contrary is so overwhelming that the finding should
be set aside and a new trial ordered.  Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965).  We are required to consider all
of the evidence in making this determination. 
Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406‑07 (Tex. 1998).

Because
the divorce decree in this case was based upon a mediated settlement agreement,
Leverton was required to establish that any material change in circumstances
occurred subsequent to the mediation.  Tex. Fam. Code Ann. '156.101 (Vernon Supp. 2006).  The Family Code requires proof of a material
and substantial change of circumstances because of res judicata considerations
and the State=s desire to prevent constant relitigation
with respect to children.  See Watts
v. Watts, 563 S.W.2d 314, 316 (Tex. Civ. App.CDallas
1978, writ ref=d n.r.e.). 
Leverton had the burden of proof. 
This required her to produce evidence comparing the circumstances that
existed at the time of the parties= mediation agreement with the circumstances
at the time of the modification hearing. See id. at 315; see also London v. London,
192 S.W.3d 6, 15 (Tex. App.CHouston [14th Dist.] 2005, pet. denied).

The best
interest of the children is always the trial court=s primary consideration.  In re T.D.C., 91 S.W.3d at 873.  But, when a party asks the trial court to
modify the residency restrictions contained in the divorce decree, the existing
residency provisions are res judicata of the children=s best interest unless and until it is
established that there has been a material and substantial change in
circumstance.  In re M.N.G., 113
S.W.3d 27, 33-34 (Tex.
App.CFort Worth 2003, no pet.).








Both of
the children attend school at St. John=s Episcopal Church in Abilene. 
A.C. attended there at the time of the mediated settlement; B.C. began
attending there later.  Jeannie Stark,
the Aprincipal@
of the school testified.  Stark testified
that A.C. initially was a difficult child at St. John=s. 
He had a hard time being structured and having a routine.  He would also Aact
out@ from time to time.  Stark was asked whether A.C. had changed
since he first came to St. John=s. 
Her testimony was that he had become a happier child, was acting out
less than before, was very focused, loved to learn, and had Agrown up.@  Stark shared her concern that A.C. could not
handle the change.  She believes that
stability is important.  

Dr.
Stephen M. Osborn is a clinical psychologist with some twenty-seven years of
practice.  He was counseling with
Leverton and the two children at the time of the mediated settlement agreement
and continued to see them at the time of the hearing on the motion to
modify.  Dr. Osborn originally diagnosed
A.C. with an Aanxiety disorder and Attention Deficit
Disorder.@ 
Since Dr. Osborn began seeing A.C., he had seen improvement in A.C. as a
result of schooling, structure, counseling, and medication.   Dr. Osborn testified that A.C. needed stability,
structure, and security.  Dr. Osborn also
testified that moving A.C. would involve Anegative adjustments@ by changing his routine and
structure;  it would be Aadvisable@
for A.C. to remain in Abilene.  Principal Stark agreed with Dr. Osborn=s opinion that A.C. needed stability.

Leverton
testified that if she moved it would be more difficult for her to obtain a
music education degree because she would lose hours and would be under a new
degree plan due to  changes made by
universities available to her in Denton County or Tarrant County, that she
would not be able to earn as much money and have as much flexibility as she
could working for her father in Abilene, and that moving would be hard for A.C.

Child
testified that it would be in the children=s best interest to move back to either Denton or Tarrant
 Counties to be able to
have more contact with him.  Child stated
that his extended family could help with the children=s after-school care and that the children
could participate in more activities. 
Child disagreed with the other witnesses, and he does not feel that moving
from Taylor County would be detrimental to A.C. 








Child
points out that at the time of the mediated settlement agreement Leverton and
the children lived in Taylor County, Leverton was enrolled in McMurry University,
Leverton worked for her father at a certain salary, A.C. was enrolled in St.
John=s, Leverton=s
father was paying the tuition at St. John=s, Child worked for Goodman Homes, the
children were in counseling with Dr. Osborn, Leverton=s parents and siblings lived in Taylor
County, and Child=s parents and siblings lived close to him
in the Metroplex.  He argues that none of
that changed between the date of the agreement and the hearing on the motion to
modify except that he moved out of the marital home because the home was sold pursuant
to the decree, B.C. enrolled in St.
 John=s, and Leverton learned that she would lose
course credits if she changed schools. 
Child argues that the changes that have occurred are not material and
substantial.

There
are many cases in which a noncustodial parent seeks modification of orders
regarding conservatorship in order to prevent a custodial parent from moving to
a new location.  There are also many
cases in which a noncustodial parent seeks to enforce a provision in an order
or decree which contains language preventing a custodial parent from moving to
a new location.  This case is
different.  Here, Child, the noncustodial
parent seeks an order by which Leverton the custodial parent would be required
not to refrain from moving to a new location but, rather, to move to a new
location; Leverton seeks an order allowing she and the children to stay where
they are.

To
maintain the stability of children is one of the reasons behind the requirement
that a material and substantial change in circumstance be proved before inquiry
is made into the best interest of the children. 
The importance of stability for children is recognized as a matter of
public policy in Texas.  AThe public policy of this state is to:  provide a . . . stable . . . environment for
the child.@  Tex. Fam. Code Ann. ' 153.001(a)(2) (Vernon 2002). 

If,
then, stability is an important consideration, in cases like the one before us
where Leverton is not trying to move but rather wants to keep the children
where they are, courts should be able to consider the current stability of the
children as evidence of whether there has been a material and substantial
change in circumstance.  Such evidence
might very well serve as evidence not only of a material and substantial change
in circumstance but, also, as evidence of the next inquiry C the best interest of the children.  We cannot know the motive of the parents in
taking whatever actions they have taken, but that is not our concern.  Our concern in cases of this nature is for
the children, including a concern for their stability.








Although
Justice Burgess in A.D.H. disagreed with the majority and would have
held that the trial court there did not abuse its discretion, he stated the
generally accepted notion that, although an appellate court might have reached
a different result than the trial court, it is not the job of an appellate court
to reweigh the evidence and reverse to get that preferred result.  In re A.D.H., 979 S.W.2d 445, 452
(Tex. App.CBeaumont 1998, no pet.) (Burgess, J.,
dissenting opinion).  A reviewing court
should give great deference to the trial court=s
judgment.  The trial court is
face-to-face with the parties and the witnesses, watches their demeanor,
observes their personalities, and Asenses the forces and powers which motivate
them.@  Id.  Those principles dictate to us that we cannot
substitute our judgment for that of the trial court.

We have
reviewed legal and factual sufficiency considerations as factors to be
considered  in determining whether the
trial court abused its discretion.  We
hold that the evidence which we have outlined above is some evidence of a
material and substantial change in circumstances and is also evidence bearing
upon the best interest of the children. 
We also hold that the evidence is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and manifestly unjust.  The trial court had before it sufficient
information upon which it might exercise its discretion; and, based upon the
evidence and the applicable law, the trial court did not err in the application
of that discretion.  See In re T.D.C., 91 S.W.3d at
872.  After a consideration of all
of the factors relating to an abuse of discretion in cases of this nature, we
hold that the trial court did not act in an arbitrary and unreasonable manner
and neither did it act without reference to guiding principles.  Therefore, the trial court did not abuse its
discretion when it modified the provisions relating to the residency of the
children.  Child=s
third point of error is overruled.         

Because
the trial court modified the order regarding the residency of the children and
because we are affirming the decision of the trial court, we do not reach Child=s points of error one and two pertaining to
the enforcement of the original order.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

September 21, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











 
 
  
 
 







 
 
  
 
 




Opinion filed September 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                 ____________

 

                                                          No. 11-04-00141-CV 

                                                    __________

 

                                 RUSSELL BRENT CHILD, Appellant

                                                             V.

                          HILLARY BRANDISE LEVERTON, Appellee

 



 

                                         On
Appeal from the 326th District Court

                                                          Taylor County,
Texas

                                                 Trial
Court Cause No. 35,607-C

 



 

                                                D
I S S E N T I N G   O P I N I O N

 

I respectfully disagree with the majority=s determination that the trial court
did not abuse its discretion by finding a material and substantial change in
circumstance.  The record is absent any
evidence that the parties=
circumstances materially and substantially changed B
as opposed to events normally occurring during the passage of time B subsequent to their mediation.  Rather, it appears that the trial court
modified the divorce decree based upon a determination that it would be in the
children=s best
interest to remain in Abilene.  Because this approach is contrary to the
Texas Family Code and is also contrary to public policy favoring mediation
agreements in suits affecting the parent-child relationship, I believe the
trial court abused its discretion.








Our review is complicated by the hybrid analysis
utilized in family law cases involving children.  This requires combining an abuse of
discretion review with a traditional sufficiency review and factoring in the
children=s best
interest.  Texas courts have developed several rules or
guidelines to implement this hybrid analysis. 
For example, we must initially ascertain whether the trial court had
sufficient information upon which to exercise its discretion utilizing a
traditional sufficiency review.  Lindsey
v. Lindsey, 965 S.W.2d 589, 592 (Tex. App.CEl
Paso 1998, no pet.).  Next, we determine
whether the trial court erred in its application of discretion, which requires
that we decide whether the trial court made a reasonable decision.  Knight v. Knight, 131 S.W.3d 535, 539
(Tex. App.CEl Paso 2004, no pet.).  At first blush, these guidelines sound
helpful; but, in application, they beg several questions.  For example, what evidence do we consider?[3]
when is that evidence sufficient? and what role does the children=s best interest play?

The majority is clearly correct when it notes that
the children=s best
interest is our primary consideration.  I
further agree with the majority that allowing the children to stay in Abilene would in many
ways be advantageous for them.  But, when
a party seeks to modify a divorce decree, the children=s
best interest is the second question not the first.  The first question is whether a material and
substantial change of circumstance has occurred because the original decree is
res judicata of the children=s
best interest.  Watts v. Watts,
563 S.W.2d 314, 316 (Tex. Civ. App.CDallas
1978, writ ref=d
n.r.e.).  Absent a material and
substantial change of circumstance, revisiting the prior determination of best
interest is inappropriate.  See In re
M.N.G., 113 S.W.3d 27, 34 (Tex.
App.C Fort
Worth 2003, no pet.) (requiring proof of a material and substantial change Aserves a valid purpose of significantly
limiting the trial judge=s
discretion and prevents the modification statute from being unconstitutionally
broad@).  Consequently, while it may sound
counter-intuitive, the trial court had no discretion to make a best interest
determination absent proof of the required change.








What evidence should we consider to determine if
Leverton met her burden of proof?  Trial
courts have been instructed to compare the conditions existing at the time of
the mediation agreement with the conditions existing at the time of the
modification hearing.  Agraz v.
Carnley, 143 S.W.3d 547, 554 (Tex.
App.CDallas
2004, no pet.).  Obviously, the fact that
Leverton may no longer be happy with the mediation agreement is
insufficient.  Leverton=s burden was to prove a change in
circumstance.  Bates v. Tesar, 81
S.W.3d 411, 424 (Tex.
App.CEl Paso
2002, no pet.).  This burden is by design
more stringent than simply showing that a requested modification would be in
the children=s best
interest.  See Tex. Fam. Code Ann. ' 156.101(1) (Vernon Supp. 2006).

At trial, Leverton testified that her residency
request was based upon the realization that, if she moved, it would be more
difficult for her to obtain a music education degree.  Leverton did not advance that issue before
this court.  Instead, she pointed out
that she would make less money if she moved; that one of her children, A.C.,
has been diagnosed with ADD/ADHD; that A.C. is settled and doing well in
school; and that continuity was important for her children.

I do not believe that any of these reasons is
evidence of a change in circumstance. 
Leverton may not have appreciated the difficulty she would encounter
completing her degree when she signed the mediation agreement, but that
difficulty was not due to anything that happened subsequent to the mediation.  Similarly, the fact that she would make less
money if she worked for another employer other than her father is a factor that
was present, but perhaps not fully appreciated, when the mediation agreement
was signed.

The only other change of circumstance identified
by Leverton is the fact that A.C. is receiving needed stability for his
ADD/ADHD condition at his present school. 
The majority bases its holding on this factor, concluding that the
children=s current
stability is a material change of circumstance. 
I respectfully disagree because A.C.=s
condition had already been diagnosed and was being treated when the parties
signed their mediation agreement.  The
facts that his condition had improved and that allowing him to remain at his
present school would in some ways be beneficial are not a change of
circumstance.  A.C.=s improvement is presumably exactly
what the parties anticipated would occur during the upcoming school year when
they signed the mediation agreement.  The
difficulty the move would cause and its impact on his progression were also
factors the parties surely considered. 
No evidence was offered that anything happened subsequent to mediation
which materially altered these factors beyond the changes one would expect to
occur during the normal passage of time.








Structure and stability are important for all
children.  Merely because these factors
are more critical for A.C. due to his ADD/ADHD is not a change in
circumstance.  Moving injects uncertainty
into children=s lives
and is always difficult as they adjust to a new home, neighborhood, school, and
church.[4]
The irony is that Leverton helped create the problem when she decided not to
honor the mediation agreement because the longer the children stay in Abilene the more
difficult any move will be. Leverton moved to Abilene with the children when the parties
separated.  At mediation, she agreed to
return to Denton or Tarrant County
at the end of the current school year. 
Leverton knew when she made this promise that in a few months she and
her children would have to move and make the necessary adjustments.  The fact that the difficulties inherent with
this promise must now be faced is not a change in circumstance.

We have no way of knowing what transpired during
the mediation session and, thus, do not know what Child may have conceded to
Leverton in exchange for her agreement to return with the children.  But, it is reasonable to believe that this
concession did not occur in a vacuum. 
When the legislature adopted the Texas Alternative Dispute Resolution
Act, it became public policy to Aencourage
the peaceable resolution of disputes, with special consideration given to
disputes involving the parent-child relationship, including the mediation of
issues involving conservatorship, possession, and support of children, and
the early settlement of pending litigation through voluntary settlement
procedures.@  Tex.
Civ. Prac. & Rem. Code Ann. '
154.002 (Vernon 2005) (emphasis added). 
Allowing Leverton to modify the decree without requiring proof of a
material and substantial change in circumstance is counter to this policy, and
I worry that our decision sends the wrong message.

Moreover, the trial court which granted the
parties their divorce knew that Leverton and her children would necessarily
have to move at the end of the school year.[5]  Despite this, the original trial court
determined that the decree was in the children=s
best interest.  Neither party appealed
that ruling.  I worry also that we are
sending the wrong message on the role of res judicata when family law cases are
transferred from one county to another.








The Austin Court of Appeals recently held that a
trial court abused its discretion by modifying a divorce decree based on
circumstances that were clearly contemplated by the parties at the time of the
rendition of their original divorce decree. 
Zeifman v. Michels, No. 03-05-00533-CV, 2006 WL 2190525 (Tex. App.CAustin Aug. 4, 2006, no pet.).  In that case, the parties agreed at mediation
that their daughter would attend a specific public school.  Subsequently, the child=s mother successfully applied for her
daughter=s
admission to a private school.  The
mother sought to modify the decree to allow her daughter to attend the private
school.  The trial court granted her
petition.

Several similarities exist between that case and
our own.  Principal among them is the
fact that in neither case was there truly a change of circumstance.  Rather, in Zeifman, the trial court
presumably determined that it would be better for the child to attend the
private school because of the strength of its academics.  In our case, the trial court apparently
determined that it would be better for the children to stay at their school in Abilene.  The Austin
 Court noted Texas
public policy favoring mediation in divorce cases and discouraging relitigation
with respect to children.  Id. at
*11-12.  The court found that the latter
was accomplished by requiring proof of a material and substantial change.  Id.  Because the child=s
education was a circumstance given considerable attention by the parents when
they signed their mediation agreement and because there was no change in
circumstance beyond changes incident to the passage of time, the court held it
was improper to modify the decree.  

In our case, the children=s
residence was similarly given considerable attention by the parties, and their
agreement was approved by the court.  I
respectfully submit that we should follow the example set by our sister
court.  A comparison of the circumstances
existing at the time of the mediation agreement with the circumstances existing
at the time of the modification reveals no material or substantial change.  Because there is no evidence of the required
change, I would find that the trial court abused its discretion by modifying
the divorce decree.

 

 

RICK STRANGE

JUSTICE

September 21, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Leverton also sought to have the child support payment
increased.  The trial court denied
Leverton=s request for increased child support; that ruling has
not been appealed.





[2]Child has expressly waived his original request that
the trial court hold Leverton in contempt.





[3]I recognize that, when reviewing a legal sufficiency
complaint, we are to consider only the evidence and inferences tending to
support the trial court=s finding and disregard all contrary evidence and
inferences.  Bradford v. Vento, 48
S.W.3d 749, 754 (Tex.
2001).  My concern is evidence of what?





[4]See Edwin J.
(Ted) Terry, Jr., James A. Vaught, Karl E. Hayes, and Jennifer L. Tull,
Dealing with Mobile Parents: Domicile Restrictions and Relocation, State Bar of Texas Advanced Family Law Course
ch. 69 at 27 (2001).





[5]The parties= divorce
proceedings were filed in Denton County and their divorce was granted in Denton County.  When Leverton filed her petition to modify,
she also filed a motion to transfer venue to Taylor County.  That motion was granted, and the case was
transferred.